BOWEN W. SIMMONS, Retired Circuit Judge.
Defendant, an indigent, was tried under a two count indictment for larceny and for buying, receiving and concealing stolen property, namely, some steel rails used for a narrow gauged railroad. He was convicted as charged in the buying, receiving and concealing count. The court fixed punishment at five years imprisonment.
The only asserted error is that the trial court permitted the jury to separate and go home for the night after the jury had begun deliberations and reported that they were hopelessly deadlocked. The defendant objected to separating after such deliberations had begun. There was no motion for a new trial.
Prior to the beginning of the trial, outside the presence of the jury, a colloquy took place between the court and counsel for the parties. We quote:
“THE COURT: All right, he has had an arraignment and pleads not guilty and we will proceed to draw the jury.
“The jury has not come in, but have you talked to him about keeping the jury together or not?
“MR. STEVENS: Yes, sir, I have.
“THE COURT: And, as I understand, what is his answer to that, that he does not — what is the position of the State about it?
“MR. JONES: The State agrees to separate, Your Honor.
“MR. STEVENS: So does the Defendant, Your Honor.
“THE COURT: And the Defendant understands and agrees for the jury to separate at all times when the Court is in recess including, of course, at night and at mealtimes. He agrees for them to separate?
“MR. JONES: Did he answer, yes or no, he’s shaking his head.
*712 “THE COURT: No, he is nodding his head and you agree to it?
“MR. STEVENS: Yes, sir.”
It seems to us that the parties, including the defendant in person, agreed to such separation “at all times when the Court is in recess.”
This agreement comports with § 12-16-9, Code of Ala.1975, which applies to Jefferson County:
“(a) If the accused and his counsel and also the prosecuting attorney, in any prosecution for felony, whether capital or noncapital, consent thereto in open court, the trial court in its discretion may permit the jury trying the case to separate during the pendency of the trial, whether the jury has retired or not. A separation so permitted shall not create a presumption of prejudice to that accused, but on the contrary it shall be prima facie presumed that the accused was not prejudiced by reason of the separation of the jury.”
This section applies “whether the jury has retired or not.”
We think the court, in permitting the jury to separate, acted within lawful bounds and was free of error in permitting the separation.
There is no assertion of any other error, and we find none.
The judgment is affirmed.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a Retired Circuit Judge, serving as a judge of this court, under the provisions of § 6.10 of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.