[Nos. 41747, 41748.    En Banc.    May 20, 1971.]

THE STATE OF WASHINGTON, *Petitioner*, v. MALKIAH JEF-
FERSON *et al., Respondents.*

*Christopher T. Bayley, Prosecuting Attorney,* and *Marco J. Magnano, Jr., Deputy,* for petitioner.

*R. Wayne Cyphers,* for respondent Jefferson.

*Kenneth E. Kanev,* for respondent Elquist.

FINLEY, J.—Respondent Jefferson was charged with conducting gambling by felony complaint. He was arraigned before the Seattle District Justice Court, at which time date was set for a preliminary hearing. Similarly, respondent Elquist was charged by felony complaint with credit card forgery, was arraigned before the Seattle District Justice Court, and received a preliminary hearing date. In both cases, prior to the dates set for preliminary hearing, the state filed identical charges against the respective respondents in superior court.

Both respondents, through separate counsel and in separate actions, filed motions to dismiss the informations against them in superior court, and to remand the actions to justice court for preliminary hearing. Upon hearing before two different superior court judges, respondents' motions were granted. The state then petitioned this court for a writ of certiorari from the orders entered in both cases. The petition was granted, and proceedings in these cases were stayed pending our decision. Argument was consolidated for hearing because of the similar issue presented. Respondent Elquist, however, separately alleges additional grounds for affirmance of the trial court's action in his case.

The common issue presented in both cases is whether filing of a criminal complaint by the state in justice court thereby vests the accused with a right to a preliminary hearing in that court. Resolution of this issue centers around the intended meaning of Criminal Rule for Justice Court (JCrR) 2.03(e)(2), which provides:

> If it shall appear that any offense has been committed of which the superior court may have exclusive jurisdiction, the judge shall inform the defendant of his *right to have a preliminary examination* and to waive such examination, and of his right to counsel at the preliminary examination.

(Italics ours.) Respondents contend that JCrR 2.03(e)(2) creates a right to a preliminary hearing in all defendants

who are charged by criminal complaint in justice court. They argue that a literal reading of the rule supports such an interpretation. Further, respondents contend that the determination of probable cause by means of a justice court preliminary hearing is preferable to such a determination solely by the prosecutor prior to his filing of an information in the superior court.

We cannot agree with either of these contentions. In this state, criminal charges may be commenced against a defendant by one of four different procedures: (1) filing of an information by the prosecutor in superior court (*see* Const. art. 1, § 25, and RCW 10.37.026); (2) grand jury indictment (*see* RCW 10.28); (3) inquest proceedings (*see* RCW 36.24); and (4) filing of a criminal complaint before a magistrate (*see* RCW 10.16).

Regardless of which procedure the prosecutor chooses to employ, all four are established, recognized and legally permissible methods for determining the existence of probable cause. In most cases, the prosecuting attorney functions in his official capacity directly and exclusively in determining probable cause; thereby he then files an information directly in superior court. In some instances, the prosecutor may choose to refer this determination to the magistrate for a preliminary hearing. It should be noted, however, that even where the magistrate finds insufficient evidence during the preliminary hearing to establish probable cause, *the prosecutor is not bound by this determination;* and he may still choose to file an information in superior court when he is satisfied that probable cause exists.

This court has consistently and uniformly held that a criminal defendant is not constitutionally entitled to a preliminary hearing. *Lybarger v. State,* 2 Wash. 552, 27 P. 449, 1029 (1891); *State v. Williams,* 13 Wash. 335, 43 P. 15 (1895); *State v. McGilvery,* 20 Wash. 240, 55 P. 115 (1898); *State v. Shears,* 119 Wash. 275, 205 P. 417 (1922); *Pennington v. Smith,* 35 Wn.2d 267, 212 P.2d 811 (1949); *State v. Westphal,* 62 Wn.2d 301, 382 P.2d 269 (1963); *State v. Robinson,* 61 Wn.2d 107, 377 P.2d 248 (1962); *State v. Jackson,*

66 Wn.2d 24, 400 P.2d 774 (1965); *State v. Ollison,* 68 Wn.2d 65, 411 P.2d 419 (1966); *State v. Kanistanaux,* 68 Wn.2d 652, 414 P.2d 784 (1966); *State v. Canady,* 69 Wn.2d 886, 421 P.2d 347 (1966); *State v. Dunn,* 70 Wn.2d 572, 424 P.2d 897 (1967); *State v. Cook,* 70 Wn.2d 715, 424 P.2d 1006 (1967); *State v. Todd,* 78 Wn.2d 362, 474 P.2d 542 (1970).

Additionally, criminal defendants have no right to a preliminary hearing under the federal constitution. *See Austin v. United States,* 408 F.2d 808 (9th Cir. 1969). In fact, the Washington procedure, allowing the prosecutor latitude in selecting the method of determining probable cause, has been upheld by the United States Supreme Court. In *Beck v. Washington,* 369 U.S. 541, 545, 8 L. Ed. 2d 98, 82 S. Ct. 955 (1962), the court stated:

> Ever since *Hurtado* v. *California,* 110 U. S. 516 (1884), this Court has consistently held that there is no federal constitutional impediment to dispensing entirely with the grand jury in state prosecutions. The State of Washington abandoned its mandatory grand jury practice some 50 years ago. Since that time prosecutions have been instituted on informations filed by the prosecutor, on many occasions without even a prior judicial determination of "probable cause"—a procedure which has likewise had approval here in such cases as *Ocampo* v. *United States,* 234 U. S. 91 (1914), and *Lem Woon* v. *Oregon,* 229 U. S. 586 (1913).

(Footnote omitted.)

We have previously recognized the right of the prosecutor to file an information in superior court after a defendant's appearance in justice court but prior to the time set for a preliminary hearing in such court, even though the result is to bypass the preliminary hearing and supersede the justice court criminal complaint. *See State v. Ollison, supra. Ollison* was decided subsequent to the adoption of JCrR 2.03(e)(2); however, no mention of that rule appeared therein. Respondents contend that the court, through oversight, failed to apply JCrR 2.03(e)(2) in that case.

It is argued that JCrR 2.03(e)(2) was intended to *change* existing procedures for determination of probable cause to

the extent that, once the prosecutor elects to file a criminal complaint in justice court, he may not thereafter choose to file an information in superior court until after a determination of probable cause has been made at the justice court preliminary hearing.

It is clear, however, that JCrR 2.03 (e) (2) was *not* intended to change existing procedures. The purpose of this rule was to clarify and restate *existing* procedures for the handling of criminal complaints in justice court. The rule was not intended to derogate from the prosecutor's discretion in the determination of probable cause, nor was it intended to create a new right in criminally accused to a preliminary hearing. This conclusion is supported by Comment 2.03 (e) to Washington Judicial Council, Proposed Criminal Rules for Courts of Limited Jurisdiction in the State of Washington (October 12 and 13, 1962), and reference therein to RCW 10.16.010.

We are not entirely unsympathetic with respondents' contention that preliminary hearings are, or may be, of some benefit to the criminally accused. Where the preliminary hearing is held, the defendant has an additional opportunity to gain freedom from an unsubstantiated charge without the notoriety and expense of a full-scale criminal trial. Further, the accused may gain insight into the prosecutor's case as to theory and potential witnesses. However, such benefits, where they exist, *are entirely incidental to the purpose* behind the preliminary hearing—the sole function of which is the determination of probable cause.

Additionally, where further evidence establishing probable cause is uncovered subsequent to filing of a criminal complaint, but prior to the preliminary hearing, the prosecuting attorney's decision to file an information in superior court is a beneficial prerogative. Such action serves to clear the justice court docket of an unnecessary proceeding, saves time on the part of all concerned and avoids delay, and serves to eliminate duplicative expenditure of public resources.

For these reasons, we must disagree with the trial court's interpretation of JCrR 2.03(e)(2), and reaffirm our decision in *State v. Ollison, supra,* stated at page 68:

> We see no error in the superior court denial of a preliminary hearing after the information had been filed. A prosecuting attorney in the exercise of his official powers, where he has good cause to believe that a crime has been committed and that he can prove the defendant is guilty thereof, may file an information directly in the superior court without a preliminary hearing. In such a case, the preliminary hearing is not deemed requisite to or an essential element of due process of law. *State v. Jackson,* 66 Wn.2d 24, 400 P.2d 774 (1965); *In re Pennington v. Smith,* 35 Wn.2d 267, 212 P.2d 811 (1949). Since the prosecuting attorney, in the exercise of his official judgment, had come to the conclusion, after defendants had appeared before the justice of the peace but before time set for the preliminary hearing, that he could prove both the commission of a crime and defendants' guilt, he had the power to file an information directly in the superior court, thus bypassing the preliminary hearing and superseding the justice court criminal complaint.

Apart from the intended purpose of JCrR 2.03(e)(2), the respondent Elquist alleges that, in any event, the trial court's remand of his cause for a preliminary hearing should be affirmed. Elquist contends that the prosecutor's decision to file an information in superior court was so arbitrary and capricious an action as to constitute abuse of prosecutorial discretion; and that, as a result of this abuse of prosecutorial discretion, he was deprived of his constitutionally guaranteed rights of equal protection and due process.

Elquist bases this contention upon his belief that the prosecutor's decision to file an information resulted not from his determination of probable cause, but rather from the prosecutor's desire to avoid the justice court magistrate to which Elquist's case was assigned for preliminary hearing. We find this contention to be without merit. There is a strong presumption that public officials will act fairly, reasonably and impartially in the exercise of their discretion-

ary authority. This presumption can be overcome only by a convincing showing of proof, and is not sustainable by mere assertion.

For the stated reasons, the trial court's determinations in the instant actions must be reversed. This court's order staying further proceedings in the two actions is dissolved.

It is so ordered.

HAMILTON, C.J., ROSELLINI, HUNTER, HALE, NEILL, STAFFORD, and WRIGHT, JJ., and RYAN, J. Pro Tem., concur.