[No. 5990–1. Division One. November 20, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. WAYNE A. JOHNSON, *Appellant.*

*Kenneth C. Pickard,* for appellant.

*David F. Thiele, Prosecuting Attorney,* and *David L. Jamieson, Jr., Deputy,* for respondent.

WILLIAMS, J.—Wayne A. Johnson appeals from an order dismissing his appeal to superior court from a conviction in Island County District Court.

On August 10, 1977, Johnson was found guilty in Island County District Court of driving while under the influence of intoxicating liquor. Under JCrR 6.01(b) the 10-day limitation for taking an appeal to the superior court expired on Saturday, August 20. Johnson, however, served a written notice of appeal upon the prosecutor's office and filed the original with the Island County District Court on Monday, August 22, 1977. The State moved to dismiss the appeal as untimely. Johnson appeals from the granting of the State's motion to dismiss.

The sole issue is whether in computing the 10-day limitation for taking an appeal under JCrR 6.01(b) the last day is counted under JCrR 10.01(a) if it falls on a Saturday.

 JCrR 10.01(a) provides:

> In computing any period of time prescribed or allowed by these rules, . . . the day of the act, event or default after which the designated period of time begins to run is not to be counted or included, and the last day of the prescribed or allowed period so computed is to be counted and included, unless such last day be *a Sunday or a legal holiday,* in which event the period runs until the end of the next day which is neither a Sunday nor a legal holiday.

(Italics ours.) Other court rules concerning computation of time exclude "Saturday, Sunday, or day when the appellate court is not open," RAP 18.6(a), "Saturday, a Sunday or a legal holiday," CR 6(a), or "a holiday or Sunday," JCR 6(a).

Recently, the Washington Supreme Court adopted General Rules of Court, and under GR 3, if

> the last day for filing any document or for doing any other thing or matter in the office of any clerk of any court shall fall upon a day when such clerk's office shall be closed according to Rule 2 [concerning holidays], then and in that event the time for such filing or other thing or matter shall be extended until the end of the next business day upon which such office shall be open for business.

Although the various court rules concerning computation of time are not uniformly worded, they have the similar purpose of not including days on which the courts are closed. Procedural rules are means to effectuate substantive rights, *State v. Smith,* 84 Wn.2d 498, 527 P.2d 674 (1974), and the rules applicable to the courts should be considered as a whole and construed consistently whenever possible. *See Seattle v. Crockett,* 87 Wn.2d 253, 551 P.2d 740 (1976). In none of the rules is the term "holiday" defined. The terms used in court rules should, however, be given their plain meaning. *State v. Durham,* 13 Wn. App. 675, 537 P.2d 816 (1975).

The plain and common meaning of the term holiday is "[a] day upon which the usual operations of business are suspended and the courts closed, and, generally, no legal process is served." Black's Law Dictionary 865 (4th rev. ed. 1968). In *Webster's Third New International Dictionary* (1971), the term "legal holiday" is defined as "a holiday established by legal authority and characterized by legal restrictions on work and transaction of official business." Under these definitions, Saturday can be considered a legal holiday. *See David v. Sturm, Ruger & Co.,* 557 P.2d 1133 (Alaska 1976).

■ We are aware that the legislature has defined the term "legal holiday" in RCW 1.16.050. In addition, in *Dando v. West Wind Corp.,* 67 Wn.2d 104, 406 P.2d 927 (1965), the court held that absent legislative intent to the

contrary, Saturdays were not holidays within the contemplation of RCW 1.12.040 for purposes of computing the 10-day filing requirement of the chattel mortgage statute. *Dando* is not, however, controlling because it concerns the filing requirements contained in a statute, not the interpretation of a court rule. For purposes of JCR 10.01(a), the term "legal holiday" includes Saturdays.

Reversed and remanded.

ANDERSEN and DORE, JJ., concur.