[No. 45746.   En Banc.   May 10, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. DAVID
CROWELL, *Petitioner.*

*Schillberg & Sorlien, P.L.C.,* and *Jerry L. Sorlien,* for petitioner.

*Paul Klasen, Prosecuting Attorney,* and *Ken Jorgensen, Deputy,* for respondent.

BRACHTENBACH, J.—David Crowell was convicted by a jury of the grand larceny of 33 head of cattle. The Court of Appeals affirmed the conviction in an unpublished opinion. We granted Crowell's petition for review in 91 Wn.2d 1009 (1978) on the issues whether the Superior Court acted without subject matter jurisdiction and whether post–trial statements by the bailiff influenced the jury's deliberations. We now reverse and remand for a new trial.

I

Charges against petitioner were filed first in justice court. However, prior to the justice court preliminary hearing, the prosecution filed an information in superior court and dismissed the justice court complaint. Petitioner argues that, notwithstanding the superior court information, the justice court retained exclusive jurisdiction until after it conducted a preliminary hearing. Therefore, says petitioner, the Superior Court acted without subject matter jurisdiction. We disagree.

The Court of Appeals properly ruled that our decision in *State v. Jefferson,* 79 Wn.2d 345, 485 P.2d 77 (1971), disposes of petitioner's claim. *Jefferson,* at page 348, reaffirmed our ruling in *State v. Ollison,* 68 Wn.2d 65, 411 P.2d 419 (1966), that a prosecutor has the right "to file an information in superior court after a defendant's appearance in justice court but prior to the time set for a preliminary hearing in such court, even though the result is to bypass the preliminary hearing and supersede the justice court criminal complaint." *Accord, State v. Borsey,* 6 Wn. App. 482, 484, 494 P.2d 225 (1972). *Jefferson* was cited with approval in *Shadwick v. Tampa,* 407 U.S. 345, 353

n.12, 32 L. Ed. 2d 783, 92 S. Ct. 2119 (1972). *Jefferson's* holding is directly on point and petitioner's claim that the Superior Court lacked subject matter jurisdiction is without merit.

## II

Petitioner next argues that the bailiff's unauthorized statements to the jury require a new trial. We agree.

After his conviction, petitioner moved for a new trial by providing the trial court with a juror's affidavit which attested to the following facts: The jury received the case shortly after noon on the final day of trial. It deliberated throughout the afternoon and adjourned for dinner at 6:30 p.m. During dinner, in response to a question about arranging for "suitcases", the bailiff informed the jury that evening lodging was unavailable for them and that they would be required to deliberate until they reached a verdict. A guilty verdict was reached about 11 p.m.

The trial court conducted a hearing on the new trial motion at which it and the parties questioned the juror. The juror again told of the bailiff's statements and added that the bailiff also said that the judge had indicated he would consider the jury "hung" if it did not reach a verdict by 10 p.m.

The trial court denied petitioner's new trial motion by ruling in a written memorandum opinion that the bailiff's statements did not prejudice petitioner. The Court of Appeals agreed with the trial court that the new trial motion should be denied.

We first consider the scope of our review. An appellate court will not reverse an order granting or denying a new trial motion, except when the trial court has abused its discretion. *Detrick v. Garretson Packing Co.*, 73 Wn.2d 804, 812, 440 P.2d 834 (1968). However, this principle is subject to the limitation (not applicable here) that, when such an order is predicated upon rulings as to the law, no element of discretion is involved. *Worthington v. Caldwell*, 65 Wn.2d 269, 278, 396 P.2d 797 (1964). A much stronger

showing of an abuse of discretion ordinarily will be required to set aside an order granting a new trial than one, like the one here, denying it. *Worthington v. Caldwell, supra; O'Brien v. Seattle,* 52 Wn.2d 543, 545, 327 P.2d 433 (1958).

In ruling on a new trial motion, the trial court can consider only a juror's testimony, either oral or by affidavit, which shows facts about the bailiff's misconduct; it cannot consider testimony about things which inhere in the verdict. *See State v. McKenzie,* 56 Wn.2d 897, 900, 355 P.2d 834 (1960). The juror's testimony cannot be considered if "the facts alleged are linked to the juror's motive, intent, or belief, or describe their effect upon him". It can be considered if "that to which the juror testifies can be rebutted by other testimony without probing a juror's mental processes." *Gardner v. Malone,* 60 Wn.2d 836, 841, 376 P.2d 651 (1962).

The trial court here improperly considered testimony inhering in the verdict when it denied petitioner's new trial motion. At the hearing on the motion, the court repeatedly inquired of the juror whether the bailiff's statements communicated "the impression that it was impossible to have a hung jury." The trial court then denied petitioner's motion by ruling that "although [the jurors] did know that they would not be given lodging for the night, they were well aware that if they failed to agree that a mistrial would result." The Court of Appeals affirmed the motion's denial by noting that the juror, on examination by the trial court, had "stated that she knew that the jury had three possibilities: it could find a verdict of guilty, acquittal, or deadlock."

In considering this testimony about the jury's "awareness" of alternative verdicts, the trial court probed the juror's mental processes to discover the effect on the jury of the bailiff's statements. As we said in *O'Brien v. Seattle, supra* at 547:

> The jurors should not have been questioned as to whether they were influenced by the conversation with the bailiff, and their opinions on that subject cannot be

considered by the court in determining whether the alleged conduct was prejudicial.

The trial court, therefore, improperly considered testimony inhering in the verdict about whether the jurors were, or were not, influenced by the bailiff's remarks.

In ruling on petitioner's motion, the trial court simply should have "attempt[ed] to discover *what* was said [by the bailiff] and examine the remarks for their possible prejudicial impact." *State v. Christensen,* 17 Wn. App. 922, 926, 567 P.2d 654 (1977). Such a review is anticipated by RCW 4.44.300, which states that, while the jury is deliberating, the bailiff "must not suffer any communication to be made to them, nor make any himself, unless by order of the court . . ." RCW 4.44.300 does not require a new trial for its every technical violation. *State v. Smith,* 43 Wn.2d 307, 311, 261 P.2d 109 (1953). Rather, the statute is designed to insulate the jury from out-of-court communications that may prejudice their verdict. *State v. Moore,* 38 Wn.2d 118, 126, 228 P.2d 137 (1951).

The juror's testimony here reveals that *what* the bailiff said was that "there were no lodgings available for the jury . . ., that the jury would be required to remain in the jury room until they had reached a decision," and that if the jury did not reach "a verdict by 10:00 o'clock it was to be called a hung jury." These remarks by the bailiff are of the type that would prejudice a jury and necessitate a new trial.

In *O'Brien,* at page 540, we affirmed the granting of a new trial when the bailiff communicated with jurors in response to a question about one of the jury instructions. In *Moore,* at page 127, we reversed the trial court and ordered a new trial when the bailiff "gave the jury information concerning the whereabouts of appellant's left shoe, informing them that the shoe 'was not available,' . . . [and] in addition, 'that the Judge said to disregard the writing on the pictures.'" And, in *Christensen,* at page 925, the trial court was reversed and a new trial ordered when, after receiving a request for clarification on instructions, the bailiff advised the jury that such a clarification would entail reconvening

all the courtroom principals and that "'[T]hey didn't like to do it because of the time factor involved.'"

In each of these cases, as in this case, an out–of–court communication by a bailiff reasonably could have prejudiced the jurors' verdict. The communication was considerably more influential than an innocuous statement or an expression of an apparent concern. *See Smith,* at 311 (bailiff asking jurors to lower voices); *State v. Forsyth,* 13 Wn. App. 133, 137, 533 P.2d 847 (1975) (bailiff expresses obvious concern about young, complaining witness in molestation case).

Indeed, the bailiff's statements here can be viewed as designed to hasten the jury's verdict. We recently ruled that a new trial was necessary in a similar situation. *See State v. Boogaard,* 90 Wn.2d 733, 740, 585 P.2d 789 (1978) (trial judge's examination of jurors coerced them into hastening their verdict and required new trial).

We, therefore, conclude that the trial court abused its discretion when it denied petitioner's new trial motion. We reverse petitioner's conviction and remand the case to the Superior Court for a new trial.

UTTER, C.J., and ROSELLINI, STAFFORD, WRIGHT, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.