[Nos. 9750–4–I; 11099–3–I.   Division One.   August 2, 1982.]

THE STATE OF WASHINGTON, *Respondent*, v. HAROLD SMALLS, *Appellant.*

THE STATE OF WASHINGTON, *Appellant*, v. THOMAS LLOYD SIMCOX, JR., *Respondent.*

*John Henry Browne,* for appellant Smalls.

*William J. Gaffney,* for respondent Simcox.

*Norm Maleng, Prosecuting Attorney,* and *William Redkey* and *Michael V. Linnabary, Deputies,* for State.

DURHAM, A.C.J.—These cases were consolidated for appeal due to apparent similarity of issues. Closer examination revealed differences sufficient to warrant separate discussion of each case.

## STATE V. SIMCOX

Thomas Simcox was tried by a jury on a charge of second degree burglary. The jurors received the usual instructions regarding their duty not to discuss the case with anyone. On June 10, 1981, the first day of trial, Simcox, his counsel, the prosecutor, and the judge signed an order allowing the jury to separate during trial. The jury heard evidence and separated that evening.

The jury returned the next morning and heard the remaining evidence and arguments. The case went to the jury at about 11:45 a.m. and deliberation began. That evening, about 8:45 p.m., the trial judge informed counsel that he intended to send the jury home for the night, finding that "there was a high probability that the jury was fatigued and that to require them to deliberate past 8:45 p.m. would be detrimental to a fair trial", and that "good reason existed to believe that separation of the jury to return for further deliberations at 9 a.m. on June 12 would not jeopardize a fair trial." The prosecutor agreed with this decision, but defense counsel objected. The jury was excused and ordered to return at 9 a.m. on June 12. A verdict of guilty was returned an hour after resuming deliberations.

Simcox subsequently moved for a new trial on the ground that the court improperly excused the jury during deliberations over the defendant's objection. The trial court granted the motion, concluding that prejudice to the defendant must be presumed if the jury is separated during deliberations without the agreement of the parties. It further ruled

that it had no discretion to separate the jury under such conditions or, if it had discretion, it was an abuse to do so. The State's motion for reconsideration was denied, and the State appeals.

The State argues that the trial produced no publicity and that there was no evidence of any probability of prejudice to Simcox arising from the jury separation. The State contends that the court properly exercised the discretion conferred upon it by CrR 6.7 in allowing the jury to separate during deliberation, citing *State v. Wixon,* 30 Wn. App. 63, 631 P.2d 1033 (1981); *State v. Cunningham,* 23 Wn. App. 826, 598 P.2d 756 (1979), *vacated on other grounds,* 93 Wn.2d 823, 613 P.2d 1139 (1980), and that the court erred in granting the new trial.

Custody of the jury in criminal trials was formerly governed by RCW 10.49.110:

> Juries in criminal cases shall not be allowed to separate, except by consent of the defendant and the prosecuting attorney, but shall be kept together, without meat or drink, unless otherwise ordered by the court, to be furnished at the expense of the county.

CrR 6.7, adopted in 1973 and amended in 1976, superseded this statute. *State v. Turner,* 16 Wn. App. 292, 555 P.2d 1382 (1976); Comment, CrR 6.7, 82 Wn.2d 1153 (1973).

CrR 6.7 provides:

> The jury may be allowed to separate if the court finds that good reason exists to believe that such would not jeopardize a fair trial. Any motions or proceedings concerning the separation of the jury shall be made out of the presence of the jury.

Thus, under the current rule, consent of the defendant and the State is no longer required for the separation of juries in criminal trials and the matter rests in the trial court's discretion. *State v. Cunningham, supra.* Unless the record indicates that the separation created a probability of prejudice to the defendant, the trial court has not abused its discretion. *State v. Wixon, supra.*

Simcox urges us to apply CrR 6.7 only to that part of the trial prior to the jury deliberation. According to Simcox, when deliberation begins, RCW 4.44.300 must apply. That statute reads, in part:

> After hearing the charge, the jury may either decide in the jury box or retire for deliberation. If they retire, they must be kept together in a room provided for them, or some other convenient place under the charge of one or more officers, until they agree upon their verdict, or are discharged by the court. The officer shall, to the best of his ability, keep the jury thus separate from other persons, . . .

RCW 4.44.300. This section appears in title 4 of RCW, which deals with civil procedure. Simcox insists that this statute applies to criminal trials as well, and forbids jury separation after the beginning of deliberation. However, none of the post–1973 cases cited by Simcox stand for this proposition. *See State v. Crowell,* 92 Wn.2d 143, 594 P.2d 905 (1979); *State v. Russell,* 25 Wn. App. 933, 611 P.2d 1320 (1980); *State v. Christensen,* 17 Wn. App. 922, 567 P.2d 654 (1977). These cases deal with the laudable purpose of insulating a jury from unauthorized communication, and deal with specific instances of such communication. However, they do not address the circumstances under which a jury may separate during deliberation. It is to this issue that we direct our attention.

Jury separation is a procedural matter. *State v. Turner, supra.* The 1973 criminal rules "supersede all procedural statutes and rules that may be in conflict". CrR 1.1. Nothing in CrR 6.7 suggests that the discretionary authority of the trial court to separate the jury should be restricted to that part of the trial prior to deliberation. We conclude that the Supreme Court intended CrR 6.7 to apply to the entire trial, and that RCW 4.44.300 is therefore implicitly repealed as to criminal trials.[1]

---

[1] We are aware that this case presents an anomaly wherein the jury in a criminal case, arguably more likely to be exposed to publicity and outside influence, can be separated while a civil jury must be sequestered during deliberation. We

In its order granting the new trial, the trial court concluded that jury separation without agreement of the parties gives rise to a presumption of prejudice to the defendant, citing *State v. Creech,* 57 Wn.2d 589, 358 P.2d 805 (1961); *State v. Amundsen,* 37 Wn.2d 356, 223 P.2d 1067, 21 A.L.R.2d 1082 (1950). These cases relied on a violation of the predecessor to RCW 4.44.300 in finding a presumption of prejudice. Because RCW 4.44.300 no longer applies to criminal trials, by virtue of the Supreme Court's adoption of CrR 6.7, the presumption of prejudice has no statutory basis. Indeed, the presumption has little meaning under the rule, which allows separation if "good reason exists to believe that such would not jeopardize a fair trial." CrR 6.7.

The trial court also expressed concern that a juror, separated from the rest of the jury after deliberation begins, might be exposed to outside influences, such as newspaper articles, television programs, or bus posters, which might affect his decision. We do not believe that an adequately instructed jury is so susceptible to outside influence as to require complete isolation during deliberation, absent some showing to the contrary. We agree with the court in *State v. Hettrick,* 67 Wn.2d 211, 221, 407 P.2d 150 (1965), quoting *State v. Pepoon,* 62 Wash. 635, 644, 114 P. 449 (1911):

> [W]e must indulge some presumptions in favor of the integrity of the jury. It is a branch of the judiciary, and if we assume that jurors are so quickly forgetful of the duties of citizenship as to stand continually ready to violate their oath on the slightest provocation, we must inevitably conclude that a trial by jury is a farce and our government a failure.

Simcox never attempted to show that the circumstances surrounding his trial involved a probability of prejudice. Therefore, sequestration was not justified. *State v. Cunningham, supra; State v. Wixon, supra.*

The order granting Simcox a new trial is reversed and

shall await the wisdom of the Supreme Court to resolve this quandary.

the case remanded for entry of judgment on the original verdict.

## STATE V. SMALLS

Harold Smalls appeals his conviction of second degree murder. The trial began on Monday, November 24, 1980, and the jury received the case about 4 p.m. on the following Wednesday, the day before Thanksgiving, and proceeded to deliberate. At 9:55 p.m. the jury sent this note to the trial judge: "We cannot reach a decision that is unanimous. Clarification of 'acted with intent' is felt would be beneficial towards this end." The court answered: "The answer is in the instructions." Both attorneys agreed to this answer. At 10:03 the jury sent another note: "WE CANNOT REACH A DECISION!" Between 10:03 and 10:16 the bailiff contacted both counsel to obtain their approval of the court's proposed reply. The bailiff then made this notation: "Called defendant. He objected to proposed answer, thinking four day delay was too great. Wanted jury to return Fri. at 12:00. Prosecutor agreed to answer of judge and prosecutor." Despite defense counsel Shorett's objection, the court sent a reply to the jury at 10:16: "Continue deliberations until 11 pm when I will excuse you to return Monday December 1 at 9 am to continue deliberations."

Sometime between 10:16 and 11 p.m. Smalls and Shorett signed a second consent to jury separation form which allowed the jury to separate during deliberation "for the purpose of going to their homes overnight if they have failed to reach a verdict by 11 P.M." The form indicated that the judge would excuse the jury "until 9:00 A.M. in the morning [of December 1, 1980]." The bracketed portion was written in by the judge after Shorett signed the typed form. Shorett contends that although he agreed to allow the jury to separate overnight, he did not consent to its separation over the 4–day Thanksgiving weekend.

The court excused the jury at 11 p.m. The jury reconvened on Monday, December 1, 1980 and reached a verdict of guilty in about 90 minutes.

Smalls argues that the trial court either ignored or misunderstood his objection to the 4–day separation of the jury, and, therefore, denied him an opportunity to argue that the 4–day separation would give rise to a probability of prejudice. As a result, the court made no determination on the issue.

As discussed in State v. Simcox above, under CrR 6.7 the parties no longer must agree to separation. The decision is left to the discretion of the trial court. Unless the record indicates that the separation created a probability of prejudice to the defendant, the trial court has not abused its discretion. *State v. Wixon, supra; State v. Cunningham, supra.*

The record here does not suggest any probability of prejudice. There is no evidence of publicity of any kind regarding Smalls' trial, nor evidence of other outside influences which might have affected the jurors to the defendant's prejudice. The court had good reason to believe that the separation would not jeopardize a fair trial, and we find no abuse of discretion in the court's decision to separate the jury over the extended weekend. CrR 6.7. *State v. Wixon, supra; State v. Cunningham, supra.* The judgment in State v. Smalls is affirmed.

SWANSON and WILLIAMS, JJ., concur.

Reconsideration denied September 7, 1982.

Review granted by Supreme Court November 22, 1982.