[No. 49058–9. En Banc. June 9, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. HAROLD SMALLS, *Petitioner.*

THE STATE OF WASHINGTON, *Respondent,* v. THOMAS LLOYD SIMCOX, JR., *Petitioner.*

*John Henry Browne* and *Browne, Ressler & Foster,* for petitioner Smalls.

*William J. Gaffney,* for petitioner Simcox.

*Norm Maleng, Prosecuting Attorney,* and *Michael V. Linnabary, Deputy,* for respondent.

PEARSON, J.—Defendants in consolidated cases appeal a Court of Appeals decision affirming their convictions of burglary (Simcox) and murder (Smalls).

The dispositive issue before us is whether a presumption of prejudice to a defendant arises when the trial court, pursuant to CrR 6.7, allows the jury to separate after deliberations have begun. We hold that CrR 6.7 does not authorize separation of the jury after deliberations begin and that

RCW 4.44.300 creates a presumption of prejudice to the defendant if the jury is separated during deliberations. Accordingly, we reverse the conviction of Simcox. Smalls, having failed to preserve the issue on which we have decided the case, is not entitled to the benefit of the holding and his conviction is affirmed.

The two cases before us were consolidated by the Court of Appeals because they both appeared to present an issue arising out of separation of the jury during deliberations.

Defendant, Thomas Lloyd Simcox, Jr., was charged with the crime of burglary in the second degree. On June 10, 1981, a jury trial began in King County Superior Court. Defendant and counsel for both sides stipulated to a jury of six persons. Defendant and counsel also signed a stipulated order allowing separation of the jury "during the trial . . . inasmuch as good reason exists to believe that such separation will not jeopardize a fair trial".

The trial proceeded throughout the day of June 10, and in the evening the jury was excused after having been admonished not to discuss the case. The jury returned on June 11 to hear further evidence. Deliberations began at 11:45 a.m. At 8:45 p.m., the trial judge called counsel for the State and defendant into court and indicated that he intended to send the jury home. Counsel for the State concurred in his decision; counsel for defendant objected. The trial judge stated he believed he had authority to separate the jury for the evening under CrR 6.7, and made a finding that there was a high probability that the jury was fatigued and that to require them to deliberate past 8:45 p.m. would be detrimental to a fair trial. He also found that good reason existed to believe that separation of the jury, to return for further deliberations at 9 a.m. on June 12, would not jeopardize a fair trial. After again admonishing the jury not to discuss the case among themselves or with others, the court excused the jury, to return at 9 a.m.

The jury returned on June 12, 1981, at approximately 9 a.m. and continued deliberations. At approximately 9:45 a.m., defendant moved for a mistrial based on the jury's

having been excused the previous evening. The court denied defendant's motion and found the separation of the jury on June 11, 1981, at approximately 8:45 p.m., was appropriate. At approximately 10 a.m., the jury returned the verdict, finding defendant guilty as charged.

At the time of the scheduled sentencing, August 20, 1981, defendant moved for a new trial, basing the motion on the same argument of improper jury separation. On October 7, 1981, the judge granted defendant's motion for a new trial, declaring that he had not had discretion to act on June 11, 1981, in excusing the jury for the evening, or, if he did have discretion, it had been an abuse of discretion to separate the jury when the defense objected.

The State moved for reconsideration of the decision. That motion was denied on November 25, 1981. The State appealed, arguing that the trial court had discretion under CrR 6.7 to separate the jury at any point before the verdict was rendered. The Court of Appeals agreed. The court also rejected defendant's argument that separation of a deliberating jury over a defendant's objections raises a presumption of prejudice. Because defendant relied upon this presumption rather than any specific proof of prejudice, the Court of Appeals held that the trial court did not abuse its discretion by separating the jury. The order granting Simcox' new trial was therefore reversed, and the jury's verdict reinstated.

Defendant in the second case before us, Harold Smalls, was charged with the second degree murder of Bernard Ballard. Defendant admitted that he shot and killed Ballard after a dispute at a tavern over defendant's desire to dance with a friend of the victim. The issues of fact at the trial were whether defendant intended to kill Ballard and whether he acted in self–defense.

The case went to the jury at about 4 p.m. on November 26, 1980, the day before Thanksgiving. At 10:03 p.m. the jury sent the court a note which read: "We cannot reach a decision!" The trial court informed both counsel that it proposed to tell the jury to "continue deliberation until 11

p.m. when I will excuse you to return Monday, December 1, at 9 a.m. to continue deliberations". Defense counsel objected that a 4-day delay would be too long and the jury should return Friday, November 28, at noon. Over this objection, the trial court excused the jury until Monday morning. The jury reconvened on Monday, December 1, and returned a guilty verdict at 10:49 a.m.

Defendant moved for a new trial on the ground that the trial court erred in separating the jury until December 1. Unlike Simcox, Smalls did not argue that CrR 6.7 is inapplicable once the jury has begun its deliberations. Rather, Smalls' argument was simply that the court failed to comply with CrR 6.7. Although there is no order denying defendant's motion in the clerk's papers, the motion was apparently denied. Defendant was sentenced to life imprisonment on December 31, 1980, and filed a notice of appeal the same day.

The Court of Appeals consolidated Smalls' appeal with the State's appeal in State v. Simcox. Relying upon its reasoning in rejecting Simcox' arguments, the Court of Appeals found no abuse of discretion in the separation of Smalls' jury. His conviction was accordingly affirmed.

The issue raised by both appeals requires interpretation of CrR 6.7. This rule provides that the "jury may be allowed to separate if the court finds that good reason exists to believe that such would not jeopardize a fair trial". The question before the court is the extent to which this rule, adopted in 1973, modified prior law relating to the separation of juries. More specifically, the issue is whether the rule removes the presumption of prejudice to a defendant when a jury is allowed to separate after deliberations have begun.

A convenient analytical starting point in considering the law prior to CrR 6.7 is this court's decision in *State v. Bennett,* 71 Wash. 673, 129 P. 409 (1913). In that case this court held it was error to deny a new trial where one juror had separated from the other jurors for half an hour during an adjournment. The court created a distinction between

cases where the order to keep the jury together is based on the discretion of the court and cases where the order to keep the jury together is found in a statute. In the former cases, separation of the jury will not require reversal unless prejudice is shown. In the latter cases, where separation of the jury is prohibited by statute, prejudice is presumed and must be rebutted by the State. 71 Wash. at 676–77.

From early in the history of this state, three statutes have addressed the matter of separation of the jury. Two of these provisions appeared in the Laws of 1854 and were reenacted virtually unchanged in the Revised Code of Washington. Laws of 1854, § 114 was reenacted as RCW 10.49.110 and provides:

> Juries in criminal cases shall not be allowed to separate, except by consent of the defendant and the prosecuting attorney, but shall be kept together, without meat or drink, unless otherwise ordered by the court, to be furnished at the expense of the county.

Laws of 1854, § 194 was reenacted as RCW 4.44.300:

> After hearing the charge, the jury may either decide in the jury box or retire for deliberation. If they retire, they must be kept together in a room provided for them, or some other convenient place under the charge of one or more officers, until they agree upon their verdict, or are discharged by the court. The officer shall, to the best of his ability, keep the jury thus separate from other persons, without drink, except water, and without food, except [as] ordered by the court. He must not suffer any communication to be made to them, nor make any himself, unless by order of the court, except to ask them if they have agreed upon their verdict, and he shall not, before the verdict is rendered, communicate to any person the state of their deliberations or the verdict agreed on.

In 1909 another statute was enacted; it is now RCW 2.36-.140.

> In no action or proceeding whatever, except felony cases shall the jury sworn to try the issues therein be kept together and in the custody of the officers of the court, save during the actual progress of the trial, until

the case shall have been finally submitted to them for their decision. Whenever the jury are kept together in the custody of the officers when the trial is not in progress, they shall be supplied with meals at regular hours, and with comfortable sleeping and toilet accommodations.

RCW 2.36.140 has apparently not been cited by any case since its enactment. The other two statutes, however, have given rise to significant bodies of case law which generally adhere to the analysis suggested in *Bennett*. Cases decided under RCW 10.49.110 and its predecessors held that separation of the jury during a trial in violation of the statute created a presumption of prejudice to the defendant.

*Bennett* itself was decided under Rem. & Ball. Code § 2159, a forerunner of RCW 10.49.110. A similar analysis was applied in *State v. Rose,* 43 Wn.2d 553, 262 P.2d 194 (1953). In that case, the court ordered a retrial where the jury had been allowed to separate briefly during adjournments to make telephone calls and use rest rooms. The court held this was a direct violation of RCW 10.49.110 and created a prima facie presumption of prejudice.

No presumption of prejudice arises under RCW 10.49.110 where counsel agree to the separation as permitted by the statute. *State v. Hettrick,* 67 Wn.2d 211, 221, 407 P.2d 150 (1965). A later case pointed out, however, that such agreement does not create a right to separation; the court had discretion to deny a separation where the parties had agreed. *State ex rel. Superior Court v. Sperry,* 79 Wn.2d 69, 483 P.2d 608 (1971). Moreover, if the court granted a separation and prejudicial material reached and affected a member of the jury, the proper remedy would be a new trial. *State ex rel. Superior Court v. Sperry, supra* at 77.

RCW 10.49.110 was superseded by CrR 6.7. *State v. Turner,* 16 Wn. App. 292, 555 P.2d 1382 (1976). Under the rule, the trial judge has a "broad discretion in deciding whether to sequester a jury". *State v. Cunningham,* 93 Wn.2d 823, 837, 613 P.2d 1139 (1980). This discretion apparently exists regardless of any agreement or stipulation

by the parties.

Under RCW 4.44.300, another body of case law developed. When initially enacted this provision was in chapter 15 of the Laws of 1854, entitled "Civil Practice. An Act to Regulate the Practice and Proceedings in Civil Actions". Laws of 1854, p. 166, § 194. RCW 4.44.300 appears in Title 4 of the Revised Code of Washington, entitled "Civil Procedure". The provision has two principal aspects: First, it forbids unauthorized communications with a jury during deliberations; second, it requires a jury to be kept together until a verdict is reached.

A substantial body of cases has applied the first aspect of RCW 4.44.300 to criminal cases. In *State v. Carroll,* 119 Wash. 623, 206 P. 563 (1922), the bailiff passed a note to a juror during deliberations in a criminal case. The court held that this violated the Rem. Rev. Stat. § 349 (RCW 4.44.300) prohibition of communications with jurors. A new trial was denied, however, because it affirmatively appeared that there could not have been any prejudice to the defendant arising out of the unauthorized communication. 119 Wash. at 624. In *State v. Smith,* 43 Wn.2d 307, 261 P.2d 109 (1953), the bailiff instructed the jurors to quiet their deliberations. The court held, citing *Carroll,* that no prejudice to the defendant resulted from the bailiff's actions.

RCW 4.44.300 has been cited in several recent cases dealing with unauthorized communications with deliberating jurors, *e.g., State v. Christensen,* 17 Wn. App. 922, 567 P.2d 654 (1977). In *State v. Crowell,* 92 Wn.2d 143, 147, 594 P.2d 905 (1979), this court characterized the statute as being "designed to insulate the jury from out-of-court communications that may prejudice their verdict". The court in *Crowell* also affirmed the *Smith* holding that the statute "does not require a new trial for its every technical violation".

If the transposition of RCW 4.44.300 from the civil sphere to the criminal were limited to its unauthorized communications aspect, it would have little, if any, relevance to the present issue. But in *State v. Amundsen,* 37

Wn.2d 356, 223 P.2d 1067, 21 A.L.R.2d 1082 (1950), this court applied the separation of jurors aspect of the statute in a criminal case. In that case, the jury had been allowed to separate briefly while taking a meal in the course of deliberations. This court held that this raised a presumption of prejudice.

We are of the opinion that there was a sufficient showing that the jury was separated *after* the case was submitted to them and that the burden was placed upon respondent to rebut the presumption of prejudice arising from a violation of the provisions of Rem. Rev. Stat., § 349 [RCW 4.44.300] . . .

. . .

The majority rule is that a *prima facie* presumption of prejudice arises from the fact of separation after submission of the case to the jury and the burden is upon the state to show that no prejudice did actually result.

37 Wn.2d at 360–61.

Two cases subsequent to *Amundsen* interpret the rule as being independent of any particular statute. In *State v. Creech,* 57 Wn.2d 589, 358 P.2d 805 (1961), this court held that separation of the jury for a few minutes gave rise to a presumption of prejudice, but that the State was able to overcome the prejudice. The court stated the general rule at page 594:

With respect to separations before the case was submitted to the jury for deliberations, the burden is upon the defendant to show that prejudice resulted. . . .

On the other hand, with respect to separations occurring thereafter, there is a *prima facie* presumption of prejudice, and the burden is upon the state to show that no prejudice did actually result.

A similar statement of a general rule appears in *State v. Connors,* 59 Wn.2d 879, 885, 371 P.2d 541 (1962).

As a further indication that the separation of a jury is no longer fraught with cataclysmic consequences, it should be noted that this state, in company with many others, has recognized a distinction between a separation of the jury before and after a case has been submitted to the jury. In the latter situation, there is a presumption of

prejudice and the burden is on the state to show that no prejudice did actually result; but, where the separation occurs before the case is submitted to the jury, there is no such presumption of prejudice, and the defendant claiming prejudice must show it. *State v. Creech* (1961), 57 Wn. (2d) 589, 358 P. (2d) 805; *State v. Amundsen* (1950), 37 Wn. (2d) 356, 223 P. (2d) 1067, 21 A. L. R. (2d) 1082.

At the time CrR 6.7 was enacted, therefore, this court recognized a presumption that the defendant was prejudiced by separation of the jury after deliberations had begun where the separation violated a statute. This is consistent with the rule in most other jurisdictions which recognizes

that where a separation of a jury during deliberations in a criminal case is in violation of a statute, rule, or order of court, or occurs under circumstances which might expose the jurors to improper influences, a presumption of prejudice is created and the burden is placed upon the prosecution to show that no injury resulted. By the same token, although the lines of demarcation are not always clearly expressed, it appears that when the defendant seeks relief because of an alleged separation of jurors during criminal trial deliberations, the defendant has the burden of proving reversible harm, where the separation was with authority of the court and not in violation of a statute or rule, or in some instances, where the separation was of such temporary or trivial nature as not to reasonably suggest the likelihood of prejudice.

(Footnotes omitted.) Annot., 72 A.L.R.3d 248, 254 (1976).

In this state, before the promulgation of CrR 6.7, the presumption of prejudice was recognized where separation of the jury violated either RCW 10.49.110 or RCW 4.44.300. In order to determine the effect of CrR 6.7, we must therefore decide whether the rule supersedes both statutes. If both statutes are superseded, then separation of jurors during deliberations would violate no rule and therefore would not create a presumption of prejudice. If, on the other hand, either statute survives CrR 6.7, the presumption of prejudice would arise from separation during delib-

erations, despite CrR 6.7.

It is not disputed that CrR 6.7 has superseded RCW 10.49.110. *State v. Turner,* 16 Wn. App. 292, 555 P.2d 1382 (1976). The only question, therefore, is whether CrR 6.7 supersedes RCW 4.44.300.

The Court of Appeals held that CrR 6.7 superseded RCW 4.44.300. The court noted that CrR 6.7 is not limited to that part of the trial prior to deliberations. Therefore, it implicitly supersedes RCW 4.44.300 as it applies to criminal trials. Accordingly, separation of the jury after deliberations have begun violates no statute or rule, and therefore the defendant must show a probability of prejudice. It being undisputed that neither defendant in the cases before the court was able to show a probability of prejudice, the Court of Appeals affirmed both convictions. We disagree with the Court of Appeals and hold that RCW 4.44.300 is not superseded.

 Several reasons support this conclusion. First, the comments to CrR 6.7 expressly indicate the supersession of RCW 10.49.110 but do not mention RCW 4.44.300. Second, well recognized rules of construction compel the conclusion that CrR 6.7 and statutes "should be harmonized whenever possible, and an interpretation which gives effect to both provisions is the preferred interpretation". *Emwright v. King Cy.,* 96 Wn.2d 538, 543, 637 P.2d 656 (1981). The Court of Appeals interpretation of CrR 6.7 curtails the application of RCW 4.44.300 to criminal trials despite interpretations to the contrary over 60 years or more. This is a substantial restriction of the application of the statute. CrR 6.7, on the other hand, is quite susceptible to the interpretation that it applies only to proceedings prior to submission of the case to the jury. Such an interpretation harmonizes CrR 6.7 and RCW 4.44.300 considerably more effectively than curtailing the statute's application to criminal cases altogether. Moreover, as the Court of Appeals conceded (*State v. Smalls,* 32 Wn. App. 693, 697 n.1, 649 P.2d 169 (1982)), its interpretation of CrR 6.7 creates the anomalous result that a deliberating jury in a criminal case

may be separated at the trial court's discretion, whereas in a civil case the trial judge has no discretion to separate the jury after deliberations begin. This result conflicts with the rule that statutes and rules are, if possible, to be given a rational, sensible construction. *Krystad v. Lau,* 65 Wn.2d 827, 844, 400 P.2d 72 (1965).

We hold, therefore, that CrR 6.7 applies only to proceedings prior to the beginning of deliberations by the jury. Accordingly, RCW 4.44.300 continues to prohibit separation of the jurors during deliberations. If the jury is separated in violation of RCW 4.44.300, a presumption arises that defendant has been prejudiced. Of course, if defendant waives the protection afforded by RCW 4.44.300 by agreeing to separation of the jury, he cannot assert the presumption of prejudice.

This conclusion is supported not only by authority, but by sound policy. Jurors might be subjected to any number of prejudicial influences whenever the jury is allowed to separate. A juror allowed to return to his home overnight might be prejudiced by any of the myriad influences on his life. Who can say how a juror might be influenced by contact with his family and friends, or exposure to the various news and entertainment media during an evening at home?

In our opinion, jurors are especially sensitive to prejudicial influence during deliberations. While still hearing evidence, it is probably easier for jurors to keep an open mind. Moreover, the impact of potentially prejudicial influences will be dissipated by subsequent evidence, the arguments, and instructions. But when the jurors have heard all the evidence, and have been focused onto the issues before them by the arguments of the parties and instructions, the potential for prejudice increases substantially.

Consider for instance the jury in the case of Simcox. Deliberations began at 11:45 a.m. and at 8:45 p.m. the jury was sent home, to return at 9 a.m. the following day. When the jurors were sent home, it was already more than 9 hours since the conclusion of testimony and the arguments. A chance remark by a juror's spouse or a program watched on

television during the juror's 12 hours at home would have more immediacy than the evidence. There is a very real possibility that the juror's recollection of the evidence or perception of it might be distorted by such influences received subsequent to the conclusion of the evidence.

Of course, it is usually impossible to determine whether such influences actually prejudice a juror against the defendant in a particular case. The juror himself may well be unaware of the subtle influences which affect his decision. For this reason, admonition and instruction of the jury is probably ineffective in ameliorating the prejudicial effects of separation during the deliberations. For this reason also, the use of juror affidavits to prove a probability of prejudice is of dubious value; a juror cannot swear to being prejudiced by influences of which he is unaware.

Therefore, it is appropriate that we continue to recognize the rule which creates a presumption of prejudice when the jury is allowed over defendant's objection to separate during deliberations.

We turn now to apply the rule to the appeals before us. We first consider Simcox. His counsel objected to the separation of the jury, and was eventually successful in persuading the trial judge that separation during deliberations was error. He argued, both before the trial court and on appeal, that RCW 4.44.300 prohibited separation during deliberations and that separation therefore created a presumption of prejudice. The State has not attempted to rebut the presumption. Having thus preserved the issue on appeal, Simcox is entitled to a new trial.

Smalls is not as fortunate. Although his counsel objected to separation of the jury for 4 days, he did agree to separation for 1 day. He therefore waived the benefit of the presumption of prejudice. In fact, Smalls does not argue that his trial is presumptively prejudicial. Rather, he argues that the fact that the jury was separated for 4 days creates a possibility of prejudice and thus entitles him to a new trial. The argument is without merit. The authorities are clear that, in the absence of the presumption, a defendant

must show at least a probability of prejudice. *State v. Cunningham,* 27 Wn. App. 834, 838, 620 P.2d 535 (1980); *State v. Stiltner,* 80 Wn.2d 47, 491 P.2d 1043 (1971). Smalls has presented no evidence such as juror affidavits to indicate a probability that he was prejudiced by the separation of the jury. He therefore is not entitled to a new trial. His conviction is affirmed.

WILLIAMS, C.J., and ROSELLINI, STAFFORD, UTTER, BRACHTENBACH, and DORE, JJ., concur.

DIMMICK, J. (dissenting)—I would affirm both convictions. The trial judge properly allowed the jury to separate during deliberations pursuant to CrR 6.7 and neither defendant has shown any prejudice caused by such separation.

The majority opinion is devoted in great part to the history of jury separation. Such discussion, while educational, clouds the real issue in this case—which is, does CrR 6.7 exclusively deal with jury separation in a criminal trial?

CrR 6.7 provides:

> The jury may be allowed to separate if the court finds that good reason exists to believe that such would not jeopardize a fair trial. Any motions or proceedings concerning the separation of the jury shall be made out of the presence of the jury.

CrR 6.7 was promulgated in 1973 and amended in 1976 pursuant to our rulemaking authority. Our ability to promulgate the rule is not questioned, as jury separation is a procedural matter. *State v. Turner,* 16 Wn. App. 292, 298, 555 P.2d 1382 (1976). As a rule governing the procedure in criminal proceedings it supersedes *all* conflicting procedural statutes. CrR 1.1.

While the majority concedes that CrR 6.7 supersedes RCW 10.49.110 (prohibiting jury separation in criminal trials), it holds CrR 6.7 does not conflict with cases applying RCW 4.44.300 (prohibiting jury separation during deliberation in a civil trial) to criminal proceedings. CrR 6.7

by its plain language allows separation during deliberations in a criminal trial. It conflicts with and therefore supersedes the case law application of RCW 4.44.300 in criminal trials.

We have held that in interpreting our rules we adhere to principles of statutory construction. One of those principles is that language which is clear on its face does not require or permit construction. *State v. McIntyre,* 92 Wn.2d 620, 622, 600 P.2d 1009 (1979). Another principle is that terms used in court rules should be given their plain meaning. *State v. Johnson,* 21 Wn. App. 919, 587 P.2d 189 (1978). Our rule CrR 6.7 is clear on its face and thus no construction is permitted. It allows a trial court discretion to allow separation and it does not limit this discretion to a particular phase of a trial. Rather, it applies to *all* phases of a trial. The ordinary meaning of trial clearly includes jury deliberations. A "trial" is defined as "*all* proceedings from the time when the parties are called to try their cases in court or from the time when issue is joined *to the time of its final determination*". (Italics mine). *Webster's Third New International Dictionary* 2439 (1968). RCW 4.44.030 makes a distinction between jury deliberation and other phases of a trial in prohibiting jury separation. CrR 6.7 makes no such distinction in allowing separation.

The majority gives several reasons for its "harmonization" of CrR 6.7 and RCW 4.44.300 as applied in criminal proceedings. First, it cites the comment to CrR 6.7 which states that the rule supersedes RCW 10.49.110 and fails to mention any other statute. The comment, of course, is not the rule and thus we are not bound by it. Additionally, the comment does not purport to be all inclusive in its listing of superseded statutes and case law. Second, the majority concludes that CrR 6.7 "is quite susceptible to the interpretation that it applies only to proceedings prior to submission of the case to the jury." Majority opinion, at 765. The majority in making this conclusion gives no support for it. It does not point to any language in the rule which lends itself to this interpretation nor does it point to any other authority. In fact the cases cited wherein RCW 4.44.300 was

inexplicably applied to criminal trials were all decided prior to the adoption of CrR 6.7. The majority merely states that its interpretation allows CrR 6.7 to be harmonized with this court's prior cases applying RCW 4.44.300 to criminal proceedings. Many statutes and rules could be "harmonized" if their words are ignored—which is what the majority does here. The majority's strained harmonization will allow our rules, no matter how clear on their face, as CrR 6.7 is, to be questioned and ignored.

Another reason expressed by the majority for its "harmonization" of the rule and statute is that to do otherwise creates an anomalous situation. Clearly, if we give full effect to CrR 6.7 in criminal cases, RCW 4.44.300 as applied in civil cases remains in force. Thus in a civil action there could be no separation after deliberations have begun (RCW 4.44.300), whereas in criminal actions there could be jury separation in the discretion of the judge (CrR 6.7).

The Court of Appeals, Judge Durham writing for the court, recognizes this anomalous situation and "await[s] the wisdom of the Supreme Court to resolve this quandary." *State v. Smalls,* 32 Wn. App. 693, 697 n.1, 649 P.2d 169 (1982). The majority's "wisdom" is to ignore the plain terms of the criminal court rule. This case presents no anomaly in the application of CrR 6.7. The anomalous situation caused by the application of CrR 6.7 in criminal cases and RCW 4.44.300 in civil cases was created by rule and must be resolved by rule. There are two proposed rules now before us which address the problem. Proposed CR 47(i) and proposed CrR 6.7.[1] This rulemaking process is the

---

[1]CR 47(i), as proposed, provides:

"(1) *Generally.* During trial the jury shall be allowed to separate unless good cause is shown, on the record, for sequestration of the jury. After the case has been formally submitted to the jury for decision, and throughout the jury's deliberations, the jurors shall be allowed to separate only on stipulation of the parties.

"(2) *Communication Restricted.* Unless the jury is allowed to separate, the jurors shall be kept together under the charge of one or more officers until they agree upon their verdict or are discharged by the court. The officer shall keep the jurors separate from other persons and shall not allow any communication to be made to the jurors, nor make any himself, unless by order of the court, except to

proper forum to change our procedural rules—this case is not.

Furthermore, I cannot agree with the majority's purported "sound policy" which it claims lends support to its position. The majority contends that jurors are subject to a myriad of prejudicial influences when separated. The majority assumes that jurors will be influenced by a "chance remark by a juror's spouse or a program watched on television". Majority opinion, at 766. Pursuant to CrR 6.7, the trial judge, who has the parties, the evidence and the jurors all before him, may allow the jury to separate if there is good reason to believe a fair trial will not be jeopardized. Criminal cases differ markedly in the seriousness of the charge, the length of trial, and the levels of publicity surrounding them. The trial judge is in the best position to determine whether it is appropriate in a particular case for a jury to separate and the tempered discretion afforded by CrR 6.7 allows a trial judge to handle a situation in light of all the circumstances. The majority, however, divests the trial judge of this discretion. The majority's result will

---

ask the jurors if they have agreed upon their verdict. The officer shall not, before the verdict is rendered, communicate to any person the state of the jurors' deliberations or their verdict.

"(3) *Motions.* Any motions or proceedings concerning the separation or sequestration of the jury shall be made out of the presence of the jury."

CrR 6.7, as proposed, provides:

"(a) **Generally.** During trial the jury shall be allowed to separate unless good cause is shown, on the record, for sequestration of the jury. After the case has been formally submitted to the jury for decision, and throughout the jury's deliberations, the jurors shall be allowed to separate only on stipulation of the parties.

"(b) **Communication Restricted.** Unless the jury is allowed to separate, the jurors shall be kept together under the charge of one or more officers until they agree upon their verdict or are discharged by the court. The officer shall keep the jurors separate from other persons and shall not allow any communication to be made to the jurors, nor make any himself, unless by order of the court, except to ask the jurors if they have agreed upon their verdict. The officer shall not, before the verdict is rendered, communicate to any person the state of the jurors' deliberations or their verdict.

"(c) **Motions.** Any motions or proceedings concerning the separation or sequestration of the jury shall be made out of the presence of the jury." 98 Wn.2d advance sheet No. 3, at xli and xlii (January 7, 1983).

greatly inconvenience jurors in cases where there is no legitimate reason to do so. One defense counsel conceded at oral argument that he usually agrees to jury separation. This belies the majority's argument that prejudice is presumed when a jury separates. Further, the majority assumes jurors will ignore admonishments from the trial judge as to their duties while separated. The majority's attitude could well be construed to be elitist and paternalistic in assuming trial judges and jurors cannot perform their jobs.

I, therefore, respectfully disagree with the majority. The trial court complied with the terms of CrR 6.7 and the plain language and effect of that rule must be applied in these cases. If this court chooses not to allow jury separation during deliberations in a criminal trial, it may do so by amending the rule, but not by convoluting the plain language of the existing rule.

DOLLIVER, J., concurs with DIMMICK, J.

Reconsideration denied August 24, 1983.