**Frank NUTALL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–86–127–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 2, 1987.

---

Henry C. Payne, Jr., Bryan, for appellant.

Bill R. Turner, Bryan, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Frank Nutall, the appellant, was found to be guilty of burglary of a building in a jury trial and was sentenced to eight years confinement. In four points of error appellant contends the State failed to rebut an exculpatory statement, he was improperly prevented from questioning a witness, the jury was improperly separated, and the trial judge improperly commented on the evidence. We overrule appellant's points of error and affirm the judgment of the trial court.

Bobby Wade (Wade) vacated his house of furniture due to flood damage. Wade was living with friends. During a routine check of the condition of the house, he discovered that his house had been emptied; the washer and dryer, all personal effects, and property in the attic had been taken. Later that night, Wade returned to the house and saw appellant and others removing his refrigerator. He notified the police and appellant was soon taken into custody. Appellant later told where much of Wade's property was stored.

Appellant in his first point of error contends the State failed to rebut an exculpatory statement. Appellant confessed that he took Wade's property, but he claimed he had permission to take the property. Appellant asserts that since he believed he had permission to take the property he did not commit theft.

When the State has placed in evidence a confession or statement of the accused which is exculpatory, the State is bound thereby unless other testimony demonstrates a falsity of such statement. The confession or statement must amount to an admission of guilt plus an assertion that would exculpate the accused from the

crime itself. *Palafox v. State*, 608 S.W.2d 177 (Tex.Crim.App.1980); *Stewart v. State*, 703 S.W.2d 745 (Tex.App.—Houston [14th Dist.] 1985, no pet.). The State negated any exculpatory statement when Wade testified that he did not grant consent to the taking of the property. Furthermore, sufficient evidence was presented to show that appellant acted with the requisite intent. The State presented evidence to show the appellant entered the house through a window. Any reliance of consent by some third person would be unreasonable. The evidence, therefore, shows appellant intended to commit burglary. *See Robinson v. State*, 658 S.W.2d 779, 781–82 (Tex.App. —Beaumont 1983, pet. ref'd). Appellant's statement is rebutted.

■ Appellant argues in his second point of error that a witness should have been allowed to testify in detail about whether he believed that he had consent to take the property. The witness, however, did testify that he did not believe that he was stealing anything. Proof of the state of mind of the witness would not be inconsistent with appellant's guilt. The testimony was properly excluded. *See McCarron v. State*, 605 S.W.2d 589 (Tex.Crim.App.1980). We overrule appellant's second point of error.

■ In his third point of error appellant states that the jury was improperly separated after they had been charged. The trial concluded on a Friday. The jury deliberated for some six hours. The judge then instructed the jurors not to discuss the case and allowed the jury to go home for the weekend. Prior to the trial, the appellant, in writing, stated that he had no objection to jury separation after its deliberations had begun in the guilt, innocence, or punishment phase of the trial. At the time of the separation, however, the appellant objected to the separation and stated that he had no intention of permitting a jury separation for such a length of time. The judge overruled the objection on the basis of appellant's prior waiver.

Tex.Crim.Proc.Code Ann. art. 35.23 (Vernon 1981) declares that

> [w]hen jurors have been sworn in a felony case, the court may at its discretion, permit the jurors to separate until the court has given its charge to the jury, after which the jury shall be kept together and not permitted to separate ... until a verdict has been rendered or until the jury finally discharged, unless by permission of court with the consent of each party.

Before the court's charging of the jury, the accused must show that he was prejudiced. The burden of proof shifts to the State to show no prejudice after the jury charge has been given if the accused has failed to consent. *See Green v. State*, 510 S.W.2d 919 (Tex.Crim.App.1974); *Goodall v. State*, 501 S.W.2d 342 (Tex.Crim.App.1973). The appellant did consent through his written waiver and the burden would ordinarily be upon him to show prejudice.

This result does not change because appellant objected to the separation. We hold that the trial court may revoke the consent of an accused if it acts within its discretion. An abuse of discretion would be shown if the accused is able to show prejudice such that he is denied a fair trial. The burden, therefore, should remain on the appellant to show prejudice. *See Mann v. State*, 364 So.2d 711 (Ala.Crim.App.1978); *State v. Smalls*, 99 Wash.2d 755, 665 P.2d 384 (1983). The appellant has failed to show that he was denied a fair trial. We overrule his third point of error.

■ In his fourth point of error, appellant claims that the trial judge improperly commented on the weight of evidence. The court charged the jurors that they may have to take an oath in a post trial proceeding in order to swear that they acted properly. The judge also stated that he did not want to coerce the jury into an early verdict and that he wanted to prevent legal error. The statements in context were not a comment on the evidence. The judge stated that he wanted all jurors to hold to their views. Based on the entire charge, the judge conveyed no opinion of guilt or

innocence of the appellant and the charge was thus proper. *See Brown v. State*, 475 S.W.2d 938, 947 (Tex.Crim.App.1972).

For the reasons set forth we affirm the judgment of the trial court.