[No. 175-3. Division Three. December 4, 1970.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES BRYANT PORTER, *Appellant*.

*Smith, Smith & Smith* and *Lawrence Cary Smith,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *James B. Crum, Deputy,* for respondent.

MUNSON, J.—Defendant, James Porter, appeals from a conviction on two counts of indecent liberties.

The sole issue upon which the outcome of this appeal depends is: Whether the trial court committed reversible error by allowing the jury to separate without the consent of defendant as required by RCW 10.49.110. We find in the affirmative.

After the jury had been sworn, it was allowed to separate for a short period during the noon recess, and again overnight, prior to submission of the case. At no time was defendant, who represented himself at trial, informed by the court of his right to have the jury sequestered; nor, did the trial court obtain defendant's consent as required by statute prior to its allowance of separation.

██ In such a situation *State v. Rasmussen,* 125 Wash. 176, 179, 215 P. 332 (1923) is controlling. It states:

> To keep [the] jury together *was the plain mandatory duty of the court,* unless consent to their separation by the accused be plainly evidenced in some affirmative manner. The defendant was not required to ask the court to keep the jury together . . . The defendant did not waive his right to have the jurors kept together by his mere silence . . . [The] duty of the court to keep the jurors together, in the absence of an affirmative consent by the defendant, belongs to that class of mandatory, negative or affirmative duties imposed upon the court by law, the neglect or violation of which . . . defendant upon trial is not required to object or except to at the

time in order that the error of such neglect or violation may be available to him upon appeal.

(Italics ours.)

The state contends that strict compliance with the statutory mandate has been gradually eroded over the years by requiring the defendant to show resulting prejudice from the failure of the jury to be sequestered prior to submission of the case before reversal is proper. See *State v. Connors,* 59 Wn.2d 879, 371 P.2d 541 (1962); *State v. Creech,* 57 Wn.2d 589, 358 P. 2d 805 (1961); *State v. Amundsen,* 37 Wn.2d 356, 223 P.2d 1067, 21 A.L.R.2d 1082 (1950); *State v. Navone,* 180 Wash. 121, 39 P.2d 384 (1934); *State v. Hulet,* 159 Wash. 72, 292 P. 107 (1930); *State v. Powers,* 152 Wash. 155, 277 P. 377 (1929). However, these cases are distinguishable in that the separation question presented occurred after the jury was sequestered. They do not pertain to the initial right to have the jury sequestered. RCW 10.49.110 imposes a procedural mandate upon the trial court to sequester a criminal jury unless the state and the defendant consent to a separation.

The other assignments of error alleged by defendant arise out of the peculiarity of the factual situation which preceded the initial trial. They will not occur on retrial and consequently warrant no comment.

Judgment of the trial court is reversed and the case remanded for new trial.

Evans, C. J., and Green, J., concur.

Petition for rehearing denied January 8, 1971.

Review denied by Supreme Court February 23, 1971.