[No. 976-3.   Division Three.   January 28, 1974.]

THE STATE OF WASHINGTON, *Respondent*, v. STEVEN W.
NEWSOME, *Petitioner*, SUPERIOR COURT FOR
SPOKANE COUNTY, *Respondent*.

*Mark E. Vovos*, for petitioner.

*Donald C. Brockett, Prosecuting Attorney*, and *W. C. Henry, Deputy*, for respondent.

MUNSON, J.—Petitioner, by writ of certiorari, challenges the denial of his request to be tried without a jury in a criminal case.

Petitioner was charged with negligent homicide as a result of a car accident in which his girlfriend, a passenger, was killed. On October 16, 1973, counsel for petitioner advised the presiding judge that petitioner desired a trial to the court and that he would waive his right to a jury trial. The case was assigned for trial. A written waiver of trial by jury was filed by petitioner.

On October 17, 1973, in chambers, counsel for petitioner and counsel for the state agreed that the case could better be tried to a judge sitting without a jury. Each counsel stated his reasons in support of this request. Nevertheless, the trial judge refused to give consent and ordered the case to proceed with a jury. From that ruling, this writ was taken.

■ Petitioner first contends he is entitled to a nonjury trial, as a matter of right, where he knowingly, voluntarily, and intelligently waived his right to a jury trial, and, more particularly, where the prosecution concurs in his request. We cannot agree.

*Singer v. United States,* 380 U.S. 24, 13 L. Ed. 2d 630, 85 S. Ct. 783 (1965), specifically held at page 34:

> [T]here is no federally recognized right to a criminal trial before a judge sitting alone, . . .
> The ability to waive a constitutional right does not ordinarily carry with it the right to insist upon the opposite of that right.

*Cf. Parker v. North Carolina,* 397 U.S. 790, 805, 25 L. Ed. 2d 785, 793, 90 S. Ct. 1458, 1474 (1970) (dissenting opinion); *United States v. Jackson,* 390 U.S. 570, 20 L. Ed. 2d 138, 88 S. Ct. 1209 (1968); *United States v. Dougherty,* 473 F.2d 1113 (D.C. Cir. 1972); *Thwing v. South Dakota,* 470 F.2d 351 (8th Cir. 1972).

Criminal rules for superior court, CrR 6.1(a),[1] now provide for waiver of jury trial. Petitioner urges that in committee meetings prior to the adoption of the current criminal rules for superior court, the proviso in CrR 6.1(a) was intended only to assure a knowing, intelligent and voluntary waiver of jury trial was made by the defendant.[2] We agree a waiver would not be valid without such an ascertainment by the court, *Adams v. United States ex rel. McCann,* 317 U.S. 269, 87 L. Ed. 268, 63 S. Ct. 236, 143 A.L.R. 435 (1942), but the court's consent is not so limited.

In *State v. Jones,* 70 Wn.2d 591, 424 P.2d 665 (1967), decided subsequent to *Singer* and interpreting RCW

---

[1]"Cases required to be tried by jury shall be so tried unless the defendant files a written waiver of a jury trial, and has consent of the court."

[2]In the *Washington Proposed Rules of Criminal Procedure,* presented to the Washington Judicial Council by the Criminal Rules Task Force, dated May 15, 1971, proposed rule 6.1(a) stated:

> Cases required to be tried by jury shall be so tried unless the defendant files a written waiver of a jury trial.

10.01.060,[3] the court held that the withholding of the "assent of the court" was reviewable only on the issue that the "discretion exercised was clearly untenable or manifestly unreasonable." *Cf. State v. Karsunky,* 197 Wash. 87, 84 P.2d 390 (1938).

Likewise, in *State v. Maloney,* 78 Wn.2d 922, 927, 481 P.2d 1 (1971), decided after the ABA Standards Relating to Trial by Jury had been adopted by the house of delegates of the ABA in August 1968, the court held that RCW 10.01.060:

> invests the trial court with discretion in ruling upon a defendant's request for a nonjury trial, and that an appellate court will not disturb a trial court's refusal of such a request absent a showing that the trial court manifestly abused its discretion.

The approved draft of the ABA Standards Relating to Trial by Jury, *Commentary on Approved Draft* § 1.2(a), at 28 *et seq.* (1968) notes that state jurisdictions are divided upon the effect of a waiver, and that this section "expresses no view on" the question. The commentary does set forth the various arguments for and against waiver as a matter of right and conditioned waiver, but leaves to each jurisdiction the selection of which approach to adopt.

It is in this posture that we must view CrR 6.1(a), adopted by our Supreme Court on April 18, 1973, and which became effective July 1, 1973. That court historically has viewed assent to waiver of trial by jury under RCW 10.01.060 as discretionary with the trial court. In adopting the criminal rules for superior court it did not adopt the view that a waiver of a jury trial in a criminal case is a matter of right.

Petitioner contends that the trial court manifestly abused

---

[3]"No person informed against or indicted for a crime shall be convicted thereof, unless by admitting the truth of the charge in his plea, by confession in open court, or by the verdict of a jury, accepted and recorded by the court: *Provided however,* That except in capital cases, where the person informed against or indicted for a crime is represented by counsel, such person may, with the assent of the court, waive trial by jury and submit to trial by the court."

its discretion, particularly when both parties concurred in the request for a nonjury trial. The prosecuting attorney's concurrence was based on his belief there was extreme bitterness between the family of the deceased, and the petitioner and his family, arising from an unapproved romantic relationship, and the accident. We note CrR 6.1(a) does not require the prosecutor's concurrence. *Contra,* Fed. R. Crim. P. 23(a); 8 J. Moore, *Federal Practice* § 23 (2d ed. 1973).

The court gave the following reasons for denying the waiver: (a) In a trial without a jury, the court, in addition to being the trier of fact, would have to rule on the admissibility of the alleged prejudicial evidence; while the court is presumed to sort out inadmissible evidence, basing its decision solely on admissible evidence, any mistaken belief that the court had not performed this sorting process would be eliminated by having a jury trial, thus keeping the alleged prejudicial matter from them by evidentiary rulings; (b) if prejudice did affect the jury's deliberation, the matter could be corrected by granting a mistrial, a new trial or arrest of judgment; and (c) the public, as well as the two families, would be more likely to accept the result, and less likely to criticize the court, by denial of the request.[4]

Petitioner urges these reasons could apply to any trial. However,

> the duty of the trial court . . . is not to be discharged as a mere matter of rote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from that mode of trial [jury] or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity."

*Singer v. United States, supra* at 34, quoting from *Patton v. United States,* 281 U.S. 276, 312, 74 L. Ed. 854, 50 S. Ct. 253, 70 A.L.R. 263 (1930).

Viewed in this light, we are convinced there was no abuse of discretion. *National Bank v. Equity Investors,* 81 Wn.2d 886, 506 P.2d 20 (1973).

---

[4] *See* ABA Standards Relating to Trial by Jury, *Commentary on Approved Draft* § 1.2(a), at 32-34 (1968).

The oral order of the trial court requiring jury trial is affirmed and the matter remanded for trial.

GREEN, C.J., and McINTURFF, J., concur.