[No. 1973-2. Division Two. October 15, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. LOREN D. TURNER, *Appellant*.

R. *Bruce Harrod,* for appellant.

*John Merkel, Prosecuting Attorney,* and *Ronald A. Franz, Deputy,* for respondent.

REED, J.—Defendant Loren D. Turner appeals from a Kitsap County conviction of first-degree burglary and second-degree assault. On appeal defendant contends (1) that the trial court erred when it denied defendant's motion to waive a jury trial; (2) that the refusal to grant defendant's request for a continuance was improper; (3) that CrR 6.7 is unconstitutional and the trial court's permitting the jury to separate pursuant to CrR 6.7 is reversible error; (4) that defendant's motion for a mistrial was improperly denied; and (5) that the court erred when it refused several of defendant's proposed instructions. For the reasons set forth below, we affirm the conviction.

On the evening of February 8, 1975, defendant became intoxicated at a dinner party. At approximately midnight and following an argument with his wife, defendant left the party and proceeded to a Bremerton restaurant where he ordered several more drinks. While there, defendant bought a marijuana cigarette from another patron, and later smoked it in his car while parked in front of the restaurant. Defendant's memory of subsequent events is mostly blank, although he does remember driving his car away from the restaurant. Defendant also recalls hearing a woman scream, but has no recollection of the woman's identity or why she was screaming.

In the early morning of February 9, 1975, Mrs. Nancy Yaegle, the complaining witness, was at home watching television with her two children. Mrs. Yaegle noticed some-

one standing outside her sliding glass door, and when she went to investigate, the assailant, who was subsequently identified as the defendant, entered the house, hit her with a green bottle, and threatened to kill her.

On February 24, 1975, an information was filed charging the defendant with first-degree burglary and second-degree assault, and a jury trial was scheduled for May 13, 1975. On May 12, 1975, the defendant moved to waive the jury trial, and on May 13, 1975, the defendant moved for a continuance. Both motions were denied, the case was tried, and on May 15, 1975, the jury returned guilty verdicts to both charges.

The right of a criminal defendant to waive a jury trial is governed by CrR 6.1, which provides in relevant part:

(a) **Trial by Jury.** Cases required to be tried by jury shall be so tried unless the defendant files a written waiver of a jury trial, and has consent of the court.
(b) **Jury of Less Than 12.**
(1) If prior to trial on a noncapital case, all defendants so elect, the case shall be tried by a jury of six, or by the court.[1]

The question of whether a criminal defendant is entitled as a matter of right to waive a jury trial was recently considered in *State v. Newsome*, 10 Wn. App. 505, 518 P.2d 741 (1974). In *Newsome*, the court construed CrR 6.1(a) and ruled that consent of the court is a prerequisite to a defendant's waiver of a jury trial. The court also held that the decision to grant or deny a nonjury trial is entrusted to the discretion of the trial judge, and as such is reviewable only for a manifest abuse of that discretion. *State v. Newsome, supra.*

Defendant does not quarrel with the *Newsome* decision, but rather contends that CrR 6.1(b)(1) is an alternative to CrR 6.1(a), and that it provides for waiver without

[1]The potentially confusing choice of words employed in CrR 6.1 may be a fruitful source of litigation concerning the scope of the rules. For the present we attach no significance to the use of "Cases required to be tried by jury" in CrR 6.1(a) and "noncapital case[s]" in CrR 6.1(b)(1).

the consent of the court. The distinguishing feature between the two sections is the use of the plural "defendants" in CrR 6.1(b)(1). As the comments to the proposed rules indicate,[2] the intent of this section is to protect against a procedural impasse in which one codefendant desires to waive a jury trial and the other codefendant opposes waiver. Accordingly, we find that CrR 6.1(b)(1) is applicable only to cases involving multiple defendants; it is not an alternative to CrR 6.1(a), but rather imposes an additional condition upon waiver when there are codefendants. Thus multiple defendants must not only file a written waiver and have consent of the court; they also must be unanimous in their decision to waive a jury trial.

■ The instant case involves only one defendant, and our inquiry is therefore limited to ascertaining whether there was an abuse of discretion when the trial court withheld its consent to the waiver. No abuse was found in *Newsome* when the judge refused to grant a waiver, even though the prosecution had concurred with the defendant's request. In support of his decision the trial judge there enumerated three considerations: (1) in a jury trial inadmissible evidence would be kept from the trier of fact by evidentiary rulings; (2) if prejudice did affect the jury the matter could be corrected by granting a mistrial or an arrest of judgment; and (3) the public would more readily accept a jury verdict. *State v. Newsome, supra* at 508. Here the trial judge cited the same three reasons and in addition noted (1) that there was an objection to the waiver by the prosecution; (2) that in his opinion a jury would be better able to evaluate psychiatric testimony; (3) that a jury trial would reduce the burden on the court; and (4) that he believed a jury would be more likely to produce a result favorable to the defendant. The trial court's exercise of discretion was neither clearly untenable nor manifestly unreasonable, and therefore we find no abuse of discretion.

---

[2]*Washington Proposed Rules of Criminal Procedure*, presented to the Washington Judicial Council by the Criminal Rules Task Force, May 15, 1971, comments at 95-96.

See State v. Jones, 70 Wn.2d 591, 424 P.2d 665 (1967); State v. Maloney, 78 Wn.2d 922, 481 P.2d 1 (1971).

Defendant's second contention is that the court erred when it denied his motion for a continuance. The basis for the motion was the unavailability of a Dr. Hummel, who was out of the country when the trial began and whose testimony was allegedly critical to a mental irresponsibility defense. CrR 3.3(e)(1) and RCW 10.46.080 provide that good cause for a continuance exists when due diligence has been exercised to procure evidence that is material but not available at the time of trial.[3] Here defendant attempted to demonstrate the materiality of the unavailable testimony by the introduction of Dr. Hummel's written report, which stated that the defendant had suffered a toxic reaction from the alcohol and marijuana. In his offer of proof, defense counsel related the opinion of a second doctor, who had interpreted Dr. Hummel's use of the words "toxic reaction" as meaning that the defendant might have been mentally irresponsible and thus incapable of forming a criminal intent.

The granting of a continuance rests with the dis-

---

[3] CrR 3.3(e)(1) provides:
(e) **Continuances.** Continuances or other delays may be granted as follows:
 (1) On motion of the defendant on a showing of good cause.
RCW 10.46.080 reads in part:
 Continuances. A continuance may be granted in any case on the ground of the absence of evidence on the motion of the defendant supported by affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to procure it . . .
CrR 1.1 provides in pertinent part:
 These rules govern the procedure in the courts of general jurisdiction of the State of Washington in all criminal proceedings and supersede all procedural statutes and rules that may be in conflict and shall be interpreted and supplemented in light of the common law and the decisional law of this state.
(Italics ours.)
 CrR 3.3(e)(1) does not expressly supersede RCW 10.46.080 nor are they in apparent conflict. We find the two provisions to be complementary and accordingly hold that cases construing RCW 10.46.080 are applicable to CrR 3.3(e)(1). See State v. Lowrie, 14 Wn. App. 408, 542 P.2d 128 (1975).

cretion of the trial court, whose determination will not be disturbed absent a showing that the defendant was prejudiced or that the result of the trial would have been different had the motion not been denied. *State v. Eller*, 84 Wn.2d 90, 524 P.2d 242 (1974). Here, in addition to the tenuous nature of defendant's offer of proof, there is no evidence to support a verdict of mental irresponsibility or insanity other than defendant's loss of memory, which was induced by his voluntary consumption of alcohol and marijuana. A defense of mental irresponsibility is not proved when the condition of the mind is attributable solely to the voluntary acts of the defendant. *State v. Tyler*, 77 Wn.2d 726, 466 P.2d 120 (1970). Here it is clear that the defense of mental irresponsibility would not have been established even if Dr. Hummel had testified that the defendant was in fact mentally irresponsible. Furthermore, the defendant failed to satisfy the statutory requirement of due diligence, which includes issuing a subpoena to insure the attendance of the witness. *State v. Toliver*, 6 Wn. App. 531, 494 P.2d 514 (1972). Defense counsel not only failed to subpoena Dr. Hummel, but was also apparently unaware of the doctor's absence until the morning the trial was to begin. We find no abuse of discretion and no error in denying the motion.

Defendant next contends that CrR 6.7,[4] which governs separation of the jury, is a regulation of a substantive right and therefore an unconstitutional exercise of the Supreme Court's rule-making power. RCW 2.04.190 provides in pertinent part that:

> The supreme court shall have the power . . . to regulate and prescribe by rule the forms for and the kind and character of the entire pleading, practice and procedure to be used in all suits, actions, appeals and proceed-

---

[4]CrR 6.7 before its amendment September 20, 1976, provided:

The jury shall be allowed to separate unless the court finds that such would jeopardize a fair trial. Any motions or proceedings concerning the separation of the jury shall be made out of the presence of the jury.

CrR 6.7 expressly supersedes RCW 10.49.110, which requires the consent of the defendant and prosecuting attorney before the jury is allowed to separate.

ings of whatever nature by the supreme court, superior courts and justices of the peace of the state.

The constitutionality of this legislative grant of authority to the Supreme Court has been upheld. *Ashley v. Superior Court*, 83 Wn.2d 630, 521 P.2d 711 (1974); *State ex rel. Foster-Wyman Lumber Co. v. Superior Court*, 148 Wash. 1, 267 P. 770 (1928). Thus the controlling question on this issue is whether the separation of the jury is a substantive or procedural matter.

 *State v. Smith*, 84 Wn.2d 498, 501, 527 P.2d 674 (1974) distinguished substance from procedure as follows:

> Although a clear line of demarcation cannot always be delineated between what is substantive and what is procedural, the following general guidelines provide a useful framework for analysis. Substantive law prescribes norms for societal conduct and punishments for violations thereof. It thus creates, defines, and regulates primary rights. In contrast, practice and procedure pertain to the essentially mechanical operations of the courts by which substantive law, rights, and remedies are effectuated.

And in reference to the predecessor of CrR 6.7, the court stated, "RCW 10.49.110 imposes a *procedural* mandate upon the trial court to sequester a criminal jury . . ." (Italics ours.) *State v. Porter*, 3 Wn. App. 737, 739, 477 P.2d 653 (1970). Both the *Smith* definition and the characterization in *Porter* indicate that the separation or sequestration of the jury is a procedural matter and is therefore subject to the Supreme Court's rule-making power.

Defendant further argues that his motion for a mistrial was improperly denied. The motion was made following revelation of a conversation in which a juror's golfing partner had suggested that the juror might be acquainted with the husband of the complaining witness. The juror's immediate response was that he was not allowed to discuss the case, and the next day he notified the bailiff of the conversation. When questioned by the court, the juror testified that if he did know Mr. Yaegle it was only as a passing acquaintance and not by name, and that he did not think

his ability to judge impartially had been impaired in any manner.

■ In *Coats v. Lee & Eastes, Inc.*, 51 Wn.2d 542, 320 P.2d 292 (1958), the court held that it is the duty of a trial judge to declare a mistrial if he should learn of anything that would tend to interfere with the judgment of a juror. A mistrial should be granted only if some occurrence has so tainted the proceedings that the defendant cannot receive a fair trial. *State v. Coburne*, 10 Wn. App. 298, 518 P.2d 747 (1973). In the instant case there is no evidence whatsoever of interference with the judgment of the juror. Both the juror's reaffirmation of his impartiality and the distant nature of the acquaintanceship between the juror and Mr. Yaegle indicate an absence of prejudice and support the trial judge's conclusion that the defendant was not deprived of a fair trial.

■ Defendant's final assignment of error relates to the trial court's refusal to grant several of his proposed instructions. When the instructions given, considered as a whole, permit a party to argue his theory of the case, then it is not error to refuse other requested instructions. *State v. Morgison*, 5 Wn. App. 248, 486 P.2d 1115 (1971). Here the instructions given more than satisfied that requirement.

Judgment is affirmed.

PETRIE, C.J., and PEARSON, J., concur.

Petition for rehearing denied December 6, 1976.