[No. 10040–8–I. Division One. June 1, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. BRIAN WILLIAM KELLY, *Appellant.*

*Tim Fogh,* for appellant (appointed counsel for appeal).

*Norm Maleng, Prosecuting Attorney,* and *Kathryn Goater, Deputy,* for respondent.

RINGOLD, J.—The defendant, Brian Kelly, appeals a judgment and sentence entered upon his conviction at a bench trial of second degree burglary. The only issue presented here relates to whether the trial court's denial of

defendant's motion for a continuance was erroneous. We hold that the trial court did not abuse its discretion and did not deny Kelly any constitutional right.

The undisputed facts establish that on June 6, 1980, at approximately 4 a.m., Kelly, without permission, entered and took an array of narcotic drugs from the offices of Dr. Sheldon M. Biback. Approximately 15 minutes later, at 4:15 a.m., Kelly, again without permission, entered the offices of Dr. Phillip N. Hogue. He was found inside the lavatory of the office by police officers. He appeared to have consumed a quantity of barbiturates and alcohol.

In an information filed on June 10, 1980, Kelly was charged with two counts of second degree burglary. Trial commenced August 8, 1980. Kelly became disenchanted with his counsel over the way his defense was being presented. The trial judge declared a mistrial after Kelly requested substitution of counsel. Substitution of counsel was made and a new trial date of October 2, 1980, was set.

On September 29, 1980, Kelly again moved for substitution of counsel. The motion was denied by the trial court. On October 2, 1980, the defense again requested substitution of counsel. The trial court granted the request. A third trial date, December 4, 1980, was set at the request of the defendant on condition that there be no further substitution of counsel. On December 2, 1980, counsel for Kelly moved for continuance of the trial. The basis of the defense motion was an allegation that the defense needed additional time in which to attempt to secure an expert who could evaluate Kelly for the purpose of establishing a defense of diminished capacity. Counsel advised the trial court that although Kelly's relatives had promised sufficient funds, no money had been made available. Kelly's lawyer then requested another continuance so that he might seek court authority to retain the desired expert services at public expense. The trial court denied the motion for continuance, the matter proceeded to trial and Kelly was found guilty on stipulated facts.

Kelly contends that the denial of his motion for a con-

tinuance on December 2 was an abuse of discretion that resulted in a denial of his right to a fair trial, effective assistance of counsel, and the right to compulsory attendance of witnesses necessary to his defense in violation of the sixth and fourteenth amendments to the Constitution of the United States and article 1, section 22 (amendment 10) of the Washington State Constitution.

CrR 3.3(h) provides:

Continuances or other delays may be granted as follows:

(1) Upon written agreement of the parties which must be signed by the defendant or all defendants. The agreement shall be effective when approved by the court on the record or in writing.

(2) On motion of the state, the court or a party, the court may continue the case when required in the administration of justice and the defendant will not be substantially prejudiced in the presentation of his or her defense. The motion must be filed on or before the date set for trial or the last day of any continuance or extension granted pursuant to this rule. The court must state on the record or in writing the reasons for the continuance.

A grant or denial of a motion for a continuance is a decision that rests within the sound discretion of the trial court. *State v. Williams,* 84 Wn.2d 853, 529 P.2d 1088 (1975). The decision is discretionary because the court must consider various factors such as diligence, materiality, due process, a need for an orderly procedure and the possible impact on the result of the trial. *State v. Eller,* 84 Wn.2d 90, 524 P.2d 242 (1974). The decision to deny the defendant a continuance will be disturbed on appeal only upon a showing that the defendant was prejudiced or that the result of the trial would likely have been different had the motion been granted. *State v. Eller, supra; State v. Turner,* 16 Wn. App. 292, 555 P.2d 1382 (1976). There are no mechanical tests to determine whether the denial of a continuance inhibits a defense or otherwise deprives a defendant of a fair trial. We must examine the totality of the

circumstances in each case, particularly the reasons presented to the trial judge at the time the request is denied. *State v. Eller, supra.*

■ In preparation for the first trial Kelly was provided at state expense with an examination by Dr. Kevin Peterson to determine the availability of the defense of diminished capacity. Counsel during the trial did not call the expert because in his judgment the testimony would likely be adverse. The record does not reflect any effort following the October 2 continuance to secure another expert. Because Kelly did not show diligence the trial court had discretion to refuse the request for a continuance. *State v. Eller, supra.*

Finally, Kelly did not show that he had insufficient time to prepare for trial. In the proper exercise of its discretion the trial court denied the motion for a continuance upon tenable grounds without violating Kelly's constitutional rights.

The judgment and sentence is affirmed.

DURHAM, A.C.J., and CALLOW, J., concur.

Reconsideration denied July 1, 1982.

Review denied by Supreme Court October 8, 1982.