IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | | |
|---|---|---|---|
| STATE OF WASHINGTON, | ) | No. 70365-0-I | |
| | ) | | |
| Respondent, | ) | | |
| | ) | DIVISION ONE | |
| v. | ) | | |
| | ) | | |
| RICKY L. FIEVEZ, | ) | UNPUBLISHED OPINION | |
| | ) | | |
| Appellant. | ) | FILED: July 29, 2013 | |
| | ) | | |

BECKER, J. — Ricky Fievez appeals the court's refusal to continue the final day of his trial to await execution of a material witness warrant. We accept the State's concession of error and reverse the conviction for possession of methamphetamine.

On the afternoon of July 28, 2011, in Mason County, Washington, a trooper with the Washington State Patrol stopped a vehicle driven by Fievez for traveling over the posted speed limit. Fievez's speech and demeanor suggested to the trooper that Fievez was under the influence of an intoxicant. The trooper learned from dispatch that Fievez's driver license was suspended. The trooper placed Fievez under arrest. Fievez consented to a warrantless search of his car. Inside a suitcase in the car's interior, the trooper discovered a syringe containing a liquid that tested positive for methamphetamine. Inside a purple bag in the

car's trunk, the trooper found drug paraphernalia and a crystalline substance that also tested positive for methamphetamine.

Fievez was charged with unlawful possession of a controlled substance (methamphetamine), driving while under the influence, and driving while license suspended or revoked in the third degree. A jury trial lasting four days was held in November 2011. Three government witnesses testified for the State, including the arresting trooper, the forensic scientist who identified the substances as methamphetamine, and a records custodian for the Department of Licensing. Fievez also took the stand. He testified that he had found the syringe in a park and did not know what the liquid was inside of it, and that the purple bag in the car's trunk belonged to his former girl friend Nina Lawrence. He claimed he had been helping Lawrence on the day of his arrest by transporting some of her possessions out of storage. He claimed ignorance of the purple bag's contents.

Fievez wanted to introduce testimony by Nina Lawrence to confirm his claim of ignorance as to the purple bag's contents. At a witness interview attended by both defense counsel and the prosecutor, Lawrence had confirmed Fievez's account, stating that the purple bag belonged to her and that Fievez had not been aware of its contents. Lawrence was served with a subpoena, and Fievez filed an affidavit of service with the court. The record reflects that Lawrence was present in the courthouse for the first three days of trial, on November 3, 4, and 8, 2011.

When the court was ready for Lawrence's testimony on November 9,

2

however, she was no longer present and could not be located. The court entered a finding that she was a material witness and issued a material witness warrant for her arrest. Defense counsel later spoke to Lawrence by telephone and arranged to meet her at the jail the following morning.

Lawrence did not appear as agreed, however, and police had not executed the warrant. Fievez requested that trial be continued until later in the afternoon or until the next available court day. The court held a recess for purposes of checking with court administration as to the afternoon calendar. When the court reconvened, no more was said about Lawrence, and the defense rested. The jury returned verdicts of guilty on each count as charged.

## DENIAL OF CONTINUANCE

On appeal, Fievez contends the court's failure to grant him a continuance violated his right to a fair trial. The State concedes that the denial of a continuance was error, that it deprived Fievez of his due process rights to compulsory process and to present a defense, and that he is entitled to a new trial on the charge of possession of methamphetamine.

The decision to grant or deny a motion for a continuance rests within the sound discretion of the trial court. State v. Kelly, 32 Wn. App. 112, 114, 645 P.2d 1146, review denied, 97 Wn.2d 1037 (1982). The decision is discretionary because the court must consider various factors such as diligence, materiality, due process, a need for an orderly procedure, and the possible impact on the result of the trial. Kelly, 32 Wn. App. at 114. The decision to deny the defendant

3

a continuance may be disturbed on appeal upon a showing that the defendant was prejudiced or that the result of the trial would likely have been different had the motion been granted. Kelly, 32 Wn. App. at 114.

Under certain circumstances, denial of a continuance may violate the defendant's constitutional Sixth Amendment rights to a fair trial or to compulsory process. These rights are applicable in state proceedings. Washington v. Texas, 388 U.S. 14, 19, 87 S. Ct. 1920, 18 L. Ed. 2d 1019 (1967). "The constitutional right of the accused to have compulsory process to obtain witnesses in his defense is well established." Dickerson v. Alabama, 667 F.2d 1364, 1369 (11th Cir.) (citing Washington, 388 U.S. at 19), cert. denied, 459 U.S. 878 (1982). While not every denial of a motion for continuance to obtain witnesses violates the accused's right to compulsory process, a court may not refuse to grant a reasonable continuance request where it has been shown that the testimony would be relevant and material to the defense. Dickerson, 667 F.2d at 1370. Federal courts have identified several factors to be considered in determining whether denying a motion for continuance deprives an accused of his right to compulsory process:

> "The diligence of the defense in interviewing witnesses and procuring their presence, the probability of procuring their testimony within a reasonable time, the specificity with which the defense is able to describe their expected knowledge or testimony, the degree to which such testimony is expected to be favorable to the accused, and the unique or cumulative nature of the testimony."

Dickerson, 667 F.2d at 1370, quoting Hicks v. Wainwright, 633 F.2d 1146, 1149 (5th Cir. 1981).

4

In this case, each of these factors weighs in favor of the appellant. The record indicates that defense counsel exercised due diligence in attempting to procure the presence of Lawrence at trial. Lawrence was properly subpoenaed and was present in the courthouse for the first three days of trial. After she failed to appear on the final day of trial, her absence was noted. The defense requested a material witness warrant, which the court granted. The record reflects that defense counsel placed several telephone calls to verify her whereabouts and ultimately informed the court that she was in Lilliwaup, a town in Mason County about an hour's drive from the courthouse. Because Lawrence was nearby and had expressed a willingness to appear for trial, it was probable that her presence could have been procured within a reasonable time. The testimony she planned to give as to her ownership of the purple bag and Fievez's ignorance of its contents was specific, plainly favorable to Fievez's defense, and not cumulative.

The record reflects no effort by the State to enforce the material witness warrant. In such a case, the witness's "absence can more easily be attributed to the state's failure to enforce" the material witness warrant by arresting the witness than to any lack of diligence by the defense. Dickerson, 667 F.2d at 1370.

Under these circumstances, we accept the State's concession that the court erred by not granting a continuance.

We also agree that the error was prejudicial and Fievez is entitled to a

5

new trial on the charge. The jury heard evidence that the purple bag contained a variety of residue-laden drug paraphernalia items, including spoons, a scale, and a glass pipe, as well as a cache of crystalline methamphetamine. In closing, the State argued the jury could find Fievez guilty of possession based on either the syringe or the contents of the purple bag.

The jury was specifically instructed that it must reach unanimous agreement as to *which* of the items of methamphetamine—the contents of the syringe *or* the purple bag—Fievez was guilty of possessing. Without Lawrence's testimony to corroborate Fievez in his claim that he lacked knowledge of the contents of the purple bag, one or more jurors might easily have agreed to convict Fievez of possession based only on the contents of the purple bag. Thus, the denial of a continuance to obtain Lawrence's testimony likely affected the outcome of the trial.

We perceive no grounds, in short, for rejecting the State's concession that Fievez is entitled to a new trial on the charge of possession of methamphetamine.

## DRIVING WHILE LICENSE SUSPENDED

Fievez argues he is also entitled to reversal of his conviction for driving while his license was suspended. He contends the admission of evidence of his driving record violated his constitutional right of confrontation.

The State introduced into evidence a notice of suspension of Fievez's driving privilege and an affidavit from a legal custodian of driving records stating

6

that the records indicated that Fievez's status on the day of the arrest was suspended. Fievez contends these documents are testimonial and therefore should have been excluded under State v. Jasper, 174 Wn.2d 96, 109-117, 271 P.3d 876 (2012). He contends the Jasper rationale also applies to testimony by the arresting trooper that he learned of Fievez's suspended status by calling dispatch.

Fievez's confrontation rights were not violated. A records custodian of the Department of Licensing was one of three government witnesses who testified at trial. Fievez's counsel cross-examined her about the documents generated pursuant to the suspension. Fievez was afforded an opportunity to confront the witness against him as to the suspended license charge. Also, Fievez stipulated to the admission of his driving record and the statement concerning the status of his license. These circumstances distinguish Jasper.

In the alternative, Fievez contends he was deprived of effective assistance of counsel because his attorney did not challenge the evidence. In closing argument, defense counsel conceded Fievez's guilt on the charge of driving with a suspended license.

Conceding guilt to the jury can be a sound trial tactic when the evidence of guilt overwhelms. State v. Hermann, 138 Wn. App. 596, 605, 158 P.3d 96 (2007). Such an approach may help the defendant gain credibility with the jury when a more serious charge is at stake. Hermann, 138 Wn. App. at 605. When counsel's conduct can be characterized as legitimate trial strategy or tactics,

performance is not deficient. State v. Grier, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011).

Despite Fievez's claim of ignorance that his license was suspended, the State's evidence that the license was, in fact, suspended was overwhelming. Counsel's concession of this matter did not constitute deficient performance. The judgment and sentence for driving while license suspended is affirmed.

OFFENDER SCORE

Fievez contends his offender score was incorrectly calculated because the trial court failed to address on the record whether the Arizona convictions in his criminal history are comparable to Washington felonies. He is entitled to raise this issue for the first time on appeal. State v. Ford, 137 Wn.2d 472, 973 P.2d 452 (1999). The State agrees that the court erred in failing to conduct a comparability analysis on the record.

As the State points out, the remedy is for the trial court on remand to hold an evidentiary hearing, allow the State to present evidence of criminal history, and resentence according to what is proved at that hearing.

The judgment and sentence for possession of methamphetamine is reversed, and the case remanded for further proceedings not inconsistent with this opinion.

No. 70365-0-I

WE CONCUR:

_____          Becker, J.
Fan, J.

_____          Cox, J.