# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| JEFF BAILEY, | ) | No. 73724-4-I |
| | ) | |
| | ) | |
| Appellant. | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH LUCAS, III; U.S. BANK, | ) | UNPUBLISHED OPINION |
| N.A. AS TRUSTEE FOR OWNIT | ) | |
| MORTGAGE LOAN TRUST, | ) | |
| MORTGAGE LOAN ASSET BACKED | ) | |
| CERTIFICATES, SERIES 2006-3; | ) | |
| MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS INC; AND | ) | |
| JOHN DOE I-50 | ) | |
| Respondents, | ) | |
| | ) | FILED: August 1, 2016 |

SPEARMAN, J. – Jeff Bailey appeals orders dismissing his complaint for breach of contract, wrongful foreclosure, and quiet title, and denying his motion for reconsideration. We affirm.

## FACTS

On January 20, 2006, Joseph Lucas executed a note and deed of trust against real property in exchange for a $225,000 mortgage loan from Ownit Mortgage Solutions, Inc. Appellant Jeff Bailey was not a party to this loan agreement.

The next day, Lucas and Jeff Bailey executed, but did not record, a real estate contract on the same property. The contract recited that Bailey, the buyer, was in danger of "having the property foreclosed" and that the contract was part

of a plan to sell and later repurchase the property "as a viable alternative to avoid foreclosure and loss of the property." Clerk's Papers (CP) at 298. It further recited that the agreement would provide Bailey "a vehicle . . . to retain possession of [the] property through the utilization of existing equity and reacquiring the property at or below fair market value." Id. Under the agreement, the repurchase price was "[t]he payoff(s) of any and all liens against the property plus all costs of sale . . . plus an additional $1,000.00 . . . if exercised within 18 months of execution of this document." CP at 299. Bailey agreed to pay $2,458.18 per month "to obtain possession and keep option to repurchase available." CP at 300. The agreement expressly acknowledged that it was subordinate to all existing mortgages and deeds of trust. The parties did not record the agreement until June 11, 2015.

In August 2011, Lucas stopped making payments on the note and deed of trust.

On January 5, 2012, respondent Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Ownit Mortgage, assigned its interest in the deed of trust to U.S. Bank N.A. as trustee for Ownit Mortgage Loan Trust, Mortgage Loan Asset Backed Certificates Series 2006-3.

On April 3, 2103, U.S. Bank N.A. filed a complaint to foreclose the deed of trust.

On April 22, 2013, Lucas filed a petition for bankruptcy under Chapter 7 of the bankruptcy code.

On July 22, 2013, Bailey filed an adversary proceeding against Lucas in bankruptcy court seeking to enforce his promissory note. The bankruptcy court ultimately dismissed that proceeding.

On September 11, 2014, the court entered a judgment and decree of foreclosure on Lucas's property. The property subsequently sold at a sheriff's sale, which the superior court later confirmed. Bailey did not attempt to stop the foreclosure and sale.

On January 7, 2015, Bailey filed this action for wrongful foreclosure and quiet title, later adding a breach of contract claim by amended complaint.

On May 12, 2015, all defendants except Lucas moved to dismiss Bailey's complaint on various grounds. Bailey did not file a response.

On June 10, 2015, two days before the scheduled hearing on respondents' motion to dismiss, Bailey moved for a continuance. He did not note the motion for hearing or serve it with six days' notice as required by KCLR 7(b)(4)(a) and (5)(a). Nor did he seek an order shortening time.

On June 11, 2015, Lucas and Bailey recorded the real estate contract they executed in 2006.

On June 12, 2015, the court held a hearing on the motion to dismiss, but Bailey did not appear. The court entered an order granting the motion to dismiss with prejudice under CR 12(b)(6). The order dismissed all defendants except Joseph Lucas with prejudice. The order also directed the King County auditor to cancel Bailey's recorded lis pendens and real estate contract with Lucas.

On June 29, 2015, seventeen days after the order of dismissal, Bailey moved for reconsideration.

On July 9, 2015, the court denied the motion for reconsideration, ruling in part that it "is untimely and fails to comply with the deadlines articulated in CR 59." CP at 269.

Bailey appeals.

## DECISION

Bailey challenges the dismissal of his complaint, the failure to rule on his motion to continue, and the denial of his motion for reconsideration. We review a trial court's CR 12(b)(6) dismissal de novo. Nissen v. Pierce County, 183 Wn.2d 863, 872, 357 P.3d 45 (2015). We review rulings on motions to continue or reconsider for abuse of discretion. Barrett v. Freise, 119 Wn. App. 823, 850, 82 P.3d 1179 (2003) (reconsideration); State v. Kelly, 32 Wn.App. 112, 114, 645 P.2d 1146 (1982) (continuance). We hold pro se litigants to the same standards as attorneys, including the Rules of Appellate Procedure (RAP).[1] Failure to comply with the RAP may preclude appellate review.[2]

Bailey's briefs on appeal violate numerous rules of appellate procedure. His opening and reply briefs contain no table of the cases, statutes and other authorities cited in the briefs as required by RAP 10.3(2). His "statement of the case" does not present a "fair statement of the facts and procedure relevant to

---

[1] In re Marriage of Olson, 69 Wn.App. 621, 626, 850 P.2d 527 (1993) (citing In re Marriage of Wherley, 34 Wn. App. 344, 349, 661 P.2d 155 (1983)).

[2] State v. Marintorres, 93 Wn.App. 442, 452, 969 P.2d 501 (1999).

the issues presented for review, without argument" as required by RAP 10.3(5). Most of his contentions lack supporting authority as required by RAP 10.3(6), and virtually all of them lack any mention or meaningful analysis of the applicable standards of review. Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011) ("We will not consider an inadequately briefed argument.") (quoting Bolan v. Cody, 119 Wn.2d 357, 368, 832 P.2d 71 (1992)); State v. Rafay, 168 Wn. App. 734, 843, 285 P.3d 83 (2012) (rejecting claim due to absence of meaningful argument or authority to support conclusory claim); Marintorres, 93 Wn. App. at 452 (appellate court need not consider pro se arguments that are conclusory).

In addition, because Bailey filed no response to the motion to dismiss below, did not appear at the hearing on the motion, and filed an untimely motion for reconsideration, we need not consider his challenges to the dismissal under RAP 2.5 since they are raised for the first time on appeal. See also New Meadows Holding Co. by Raugust v. Washington Water Power Co., 34 Wn. App. 25, 659 P.2d 1113 (1983) (because defendant did not contest summary judgment it waived any claim it may have asserted against the moving party) Taken together, these rule violations are fatal to Bailey's appeal.[3]

---

[3] We note that the two motions Bailey made below were not properly presented. He failed to note his motion for a continuance as required by local rules, did not argue it at the hearing on the motion to dismiss, and did not timely seek a ruling on the motion with his motion for reconsideration. Accordingly, the court did not err or fail to exercise its discretion in declining to rule on the motion. See State v. Wilson, 113 Wn. App. 122, 130, 52 P.3d 545 (2002) (where defendant did not note his motion as required by CrR 3.3(f), the matter never came before the trial court for a ruling and his claim on appeal was not reviewable). Contrary to Bailey's assertions, his motion for reconsideration was untimely. Under CR 59(b), a party must file a motion for reconsideration no later than ten days after entry of the judgment or order at issue.

We affirm.

Speıman, J.

Leach, J.

Veılag

2016 AUG -1 AM 9: 11

---

Bailey filed his motion for reconsideration seventeen days after the order of dismissal. It was therefore untimely.