IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36547-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| RUDY E. WILLIAMS, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — In this third appeal, Rudy Williams challenges the resentencing court's imposition of consecutive sentences. We affirm.

PROCEUDRE

After a bench trial, the superior court convicted Rudy Williams of third degree assault, felony violating a no-contact order, and three counts of witness tampering. The underlying facts of Williams's conduct lack relevance to this appeal.

On appeal from the convictions, this court affirmed Rudy Williams's convictions for violation of a court order and two of the three counts of witness tampering. *State v. Williams*, No. 34959-4-III, slip op. at 25 (Wash. Ct. App. Sept. 27, 2018) (unpublished), https://www.courts.wa.gov/opinions/pdf/349594_unp.pdf. This court reversed the conviction for assault in the third degree and the conviction for one count of witness tampering and remanded both charges for a new trial.

On remand, the State moved to dismiss the charges for the two crimes reversed by this court, rather than retry the charges. The trial court granted the State's motion to dismiss.

Following the dismissal of two of the five initial charges, the State recommended that Rudy Williams receive an exceptional sentence of ninety months based on the "free crimes" doctrine. Report of Proceedings (RP) at 4-6. Rudy Williams had an offender score of ten for each of the three remaining convictions.

Rudy Williams, appearing pro se, objected to the State's recommendation and asked that the trial court impose a lesser sentence because he had already been sentenced. Williams argued:

> [WILLIAMS]: I believe the court's already sentenced me on Count 3 and 4, for a total of ten months consecutive. I don't see . . . any reason why that needs to be addressed. I've already—I've already—sentenced for it.

RP at 5. The trial court thereafter extensively questioned both the State and Williams about each's requests. The trial court adopted the State's recommendation.

In the amended judgment and sentence, the resentencing court noted the standard range for the no-contact order violation was sixty months and fifty-one to sixty months for the tampering with witnesses convictions. The court found "substantial and compelling reasons that justify an exceptional sentence," including imposing consecutive sentences, based on the free crimes doctrine. Clerk's Papers (CP) at 6. On page two of the amended judgment and sentence, the court interlineated in handwriting the words "free crimes doctrine" following the heading "EXCEPTIONAL SENCTENCE." CP at 6.

The resentencing court entered findings of fact and conclusions of law supporting the exceptional sentence. One finding of fact reads:

> Due to the Defendant's high offender score of 10, counts 3 + 4 [tampering with a witness] would go effectively unpunished. A sentence with[in] the standard range and concurrent would clearly be too lenient.

CP at 15. Accordingly, the trial court entered the following conclusion of law:

> Pursuant to RCW 9.94A.535(2)(c), an exceptional sentence of 30 months on Counts 3 + 4 to be served consecutively to Count 1 [violation of no-contact order] is the appropriate sentence.

CP at 15. The total length of the sentence imposed was ninety months of incarceration plus twelve months of community custody.

3

At the end of the sentencing hearing, the trial court signed a warrant of commitment. The warrant, inconsistently with the judgment and sentence, read that the court sentenced Rudy Williams to sixty months on count 1, and thirty months on counts 3 and 4 *concurrent* to count 1.

In a second appeal, this court ordered removal of the imposed legal financial obligations of the $100 DNA collection fee and the $200 criminal filing fee from Rudy Williams' judgment and sentence. *State v. Williams*, No. 35271-4-III, slip op. at 7 (Wash. Ct. App. Dec. 18, 2018) (unpublished), https://www.courts.wa.gov/opinions/pdf/352714_unp.pdf.

Thereafter, Rudy Williams moved, based on the warrant of commitment, to confirm that the resentencing court sentenced him to concurrent rather than consecutive sentences, for a total of sixty months. Williams wished to appear in court or argue by telephone his motion. In response, the State moved to amend the warrant of commitment to correct a clerical error so that the warrant's language would echo the consecutive sentences imposed in the amended judgment and sentence.

The trial court conducted a telephonic hearing to address the parties' cross-motions. During the hearing, Rudy Williams requested a one-week continuance. He argued that he needed a continuance to later present jurisdictional issues to the court.

4

The trial court denied the continuance and granted the State's motion to amend the clerical error in the warrant of commitment. The court entered an order amending the warrant of commitment to read that the thirty month concurrent sentences for witness tampering ran consecutively to the sixty month sentence for violation of the no-contact order.

## LAW AND ANALYSIS

Rudy Williams challenges the resentencing court's imposition of an exceptional sentence. He contends that the court failed to articulate its reasons for imposing its sentence. He further argues his sentence should be vacated because the trial court's written order shows that it imposed an exceptional sentence based on the "clearly too lenient" factor without a fact finding inquiry.

### Exceptional Sentence

A trial court may impose an aggravated exceptional sentence without a finding of fact by a jury when the defendant committed multiple current offenses and the defendant's high offender score results in some of the current offenses going unpunished. RCW 9.94A.535(2)(c); *State v. France*, 176 Wn. App. 463, 468-69, 308 P.3d 812 (2013). We call this statutory provision the "free crimes" aggravator. *State v. France*, 176 Wn. App. at 468. The possibility of an offense going unpunished

5

arises because a standard range sentence reaches its maximum at an offender score of nine. RCW 9.94A.510. As a result, when a criminal defendant has multiple current offenses resulting in an offender score greater than nine, further increases in the offender score do not increase the standard sentence range. *State v. France*, 176 Wn. App. at 468.

Under RCW 9.94A.535(2)(c), the legislature provided that an offenders' current offenses going without punishment, based on the offender score exceeding nine, constitutes an aggravating circumstance per se. *State v. Alvarado*, 164 Wn.2d 556, 567, 192 P.3d 345 (2008). Accordingly, the sentencing court need not engage in additional fact finding to impose an exceptional sentence based on the "free crimes" factor. *State v. Alvarado*, 164 Wn.2d at 567.

Rudy Williams argues that the trial court abused its discretion by refusing to consider concurrent sentences. We disagree that the trial court refused to consider concurrent sentences. Williams requested concurrent sentences, and the trial court listened to the request. The court's denial of the request does not mean that the court refused to consider a request.

The trial court has all but unbridled discretion in setting the length of an exceptional sentence. *State v. Halsey*, 140 Wn. App. 313, 325, 165 P.3d 409 (2007). Imposition of an additional thirty months for two concurrent crimes each having a

standard range of fifty to sixty months is not clearly excessive. *State v. Negrete*, 72 Wn. App. 62, 71, 863 P.2d 137 (1993). Accordingly, the ninety months' exceptional sentence was not excessive and not an abuse of discretion.

Rudy Williams next contends that the trial court's sentence is invalid under *State v. Alvarado*, 164 Wn.2d 556 (2008), because the court imposed its exceptional sentence based on the "clearly too lenient" factor, without a fact finding inquiry. The former version of this aggravating factors statute stated that an exceptional sentence could be imposed when: "The operation of the multiple offense policy of RCW 9.94A.589 results in a presumptive sentence that is *clearly too lenient* in light of the purpose of this chapter, as expressed in RCW 9.94A.010." Former RCW 9.94A.535(2)(i) (2003) (emphasis added). After *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), our Supreme Court, held that former RCW 9.94A.535(2)(i)'s "clearly too lenient" language required a subjective, factual finding made by a jury to satisfy the Sixth Amendment right to a jury trial. *State v. Alvarado*, 164 Wn.2d at 563-64. We do not deem *Alvarado* controlling, however, when the accused waives a jury trial. Williams cites no authority that requires a court to convene a jury for the sentencing stage, when the accused waives a jury for the guilt phase.

We agree that the resentencing court mentioned that a sentence within the standard range would "clearly be too lenient" in its findings of fact. Nevertheless, a reading of the entire findings and other documents shows the court intended to impose a sentence based on the free crimes factor. The trial court handwrote the words "free crimes doctrine" following the heading "EXCEPTIONAL SENCTENCE" in the judgment and sentence. CP at 6. In a conclusion of law, the court referenced RCW 9.94A.535(2)(c), the statutory subsection known as the "free crimes" aggravator.

Motion for Continuance

Rudy Williams next contends the trial court abused its discretion by denying his motion for a continuance to respond to the State's motion to amend the warrant of commitment. A grant or denial of a motion for a continuance is a decision that rests within the sound discretion of the trial court. *State v. Kelly*, 32 Wn. App. 112, 114, 645 P.2d 1146 (1982). The trial court may consider a number of factors including "surprise, diligence, redundancy, due process, materiality, and maintenance of orderly procedure." *State v. Downing*, 151 Wn.2d 265, 273, 87 P.3d 1169 (2004). A trial court's decision to deny a defendants' continuance will be disturbed on appeal only on a showing of prejudice. *State v. Kelly*, 32 Wn. App. at 114.

Rudy Williams cites *State v. Purdom*, 106 Wn.2d 745, 748-49, 725 P.2d 622 (1986), for the proposition that amendments to the charging information made the day of trial may be cause for a continuance. Williams argues that the State sought an amendment to his judgment and sentence that increased the sentence from sixty to ninety months.

We distinguish *State v. Purdom*. In *Purdom*, the amendment raised a new criminal charge. Rudy Williams's resentencing court corrected an error in the warrant of commitment. Williams incorrectly contends the trial court amended the judgment and sentence.

Rudy Williams also contends that the sentencing court did not consider his argument that he needed additional time to bring a jurisdictional challenge. Nevertheless, Williams does not disclose the nature of the challenge, let alone show the likely success of such a challenge.

## CONCLUSION

We affirm the resentencing court's imposition of an exceptional sentence and its correction to the warrant of commitment.

No. 36547-6-III
*State v. Williams*


A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Fearing, J.

WE CONCUR:

_____       _____
Korsmo, A.C.J.                                            Siddoway, J.